W. FRANK WRIGHT, PLAINTIFF IN ERROR, v. JAMES SWEET, DEFENDANT IN ERROR.

1. **Revivor of Judgment:** PRACTICE. *It seems* that the proceedings to revive a dormant judgment should be by affidavit of the plaintiff showing the amount due, and not the filing of a petition for revivor.

2. ———: ———. Upon proceedings to revive a judgment which has become dormant, under the provisions of the statute [Gen. Stat., 606], no objections will be heard which seek to go behind the original judgment.

ERROR to the district court of Otoe county. Heard below before POUND, J. Sweet in 1871 recovered a judgment against Wright. No execution was ever issued. In 1879 Sweet commenced proceedings to revive. In answer to the petition for revivor defendant Wright set up payment on the note, for which no

credit was given, and facts which he claimed entitled him to equitable relief against the judgment, also plead *nul tiel record*. A general demurrer to his answer was sustained, and electing to stand on the answer, judgment of revivor was given for Sweet.

*T. L. Schick*, for plaintiff in error, cited Swan Pl. and Pr., 257. Bliss on Code Pleading, sec. 347. Pomeroy on Rem., sec. 87–97. *Dobson v. Pearce*, 12 N. Y., 156. *Whetstone v. Whetstone*, 30 Iowa, 276. *Carneal v. Wilson*, 3 Little, 80. 1 Chitty Pl., 485.

*G. B. Scofield*, for defendant in error, cited *Jackson v. Astos*, 1 Pinney, 137. *Quaw v. Lameraux*, 36 Wis., 626. *Carr v. Townsend*, 63 Penn. St., 202. *Betts v. Garr*, 26 N. Y., 383. *Moore v. Hamilton*, 44 N. Y., 666.

COBB, J.

This was a proceeding in the district court under sec. 473, page 603, Gen. Statutes, and is in no sense a suit or action. The judgment was rendered in 1871, and hence is too old and venerable to be brought up here on error.

As matter of practice, the first erroneous proceeding which we can notice is that of the defendant in error in filing a petition for revivor. No such paper is recognized by the statute. An affidavit of the plaintiff showing the amount remaining due on the dormant judgment would probably be proper to be filed as a foundation for the order to show cause; but even that is not required by the statute.

Although this proceeding may be said to take the place of a writ of *scire facias* at common law, yet it bears scarcely any resemblance to that writ in the very nature of things. But in proceedings to revive

a judgment on *scire facias*, when that remedy was allowed, no objection would be heard which went behind the original judgment.

The statute, p. 606, provides that at the expiration of five years from the entry of judgment, if no execution has been issued thereon, or after the lapse of five years from the date of the last execution thereon, the judgment shall become dormant, etc.  The lapse of five years raises the presumption of payment, not that the judgment never was entered, nor that it was erroneous or obtained by fraud, or of anything else but payment.  The statute first above referred to points out the manner in which this presumption is to be overcome; so that an execution may issue notwithstanding this lapse of time.  And the taking of this step does not open up any field of discussion reaching beyond the date of the judgment.

The statute (pp. 632–634) points out the causes for which, the manner and time within which, a district court may vacate or modify its own judgments after the term in which such judgment was entered.  Upon familiar rules of construction such provisions fix a limitation upon the powers of such courts as to the causes, manner, and time within which such powers may be exercised.

The time within which an application to the court to vacate or modify its judgment for any cause expires long before that provided for the judgment becoming dormant.  And upon an application to revive a party should not be met by issues which have not been asserted in their day and generation.

While I cannot approve of the methods by which the district court reached the conclusion which it did, yet the order of revival itself was correct and must be affirmed.

ORDER AFFIRMED.