L. D. HUNTER, PLAINTIFF IN ERROR, V. JAMES LEAHY & CO., DEFENDANT IN ERROR.

1. **Revivor:** LIMITATION. The limitation of one year within which an action may be revived on motion does not apply to the revival of a judgment.

2. ———: JURISDICTION OF COUNTY COURT. A county court upon proper application may revive a judgment which has become dormant.

ERROR to the district court for Cass county. Tried below before POUND, J.

*J. H. Haldeman,* for plaintiff in error, cited: Sections 466–472, and 473, Civil Code. *Seymour v. Street,* 5 Neb., 85. Freeman Judgments, § 442. *Scroggs v. Tutt,* 23 Kan., 181. *Angell v. Martin,* 24 Id., 334. *Baker v. Hammer,* 31 Id., 325. *Gillette v. Morrison,* 7 Neb., 263. *Carter v. Jennings,* 24 Ohio State, 188. Civil Code, § 1047. Freeman Executions, 29, 30.

*R. B. Windham,* for defendant in error, cited: *Wright v. Sweet,* 10 Neb., 190. 2 Nash Pl. & Pr., § 417. *Tyler v. Winslow,* 15 Ohio State, 364.

MAXWELL, J.

In September, 1874, the defendant in error recovered a judgment against the plaintiff, in the probate court of Cass

county, for the sum of $171.35 and costs.   In December, 1875, an execution was issued on said judgment, and delivered to the sheriff, but by the direction of the attorney for the defendant in error was returned without making a levy.   In September, 1876, an execution was again issued and delivered to the sheriff, and again returned without making a levy.   In March, 1884, the attorney for the defendant herein filed a motion in said court to revive said judgment, and in May thereafter an order of revivor was entered, and the action revived.   The case was taken on error to the district court where the judgment of the county court was affirmed.

It is claimed by the plaintiff in error that the right to revive is barred by the statute of limitations.

Sec. 466 of the Code provides that " an order to revive an action against the representatives or successor of a defendant shall not be made without the consent of such representatives or successor unless in one year from the time it could have been first made."

The mode of reviving actions by motion is not exclusive. A party may, after the expiration of a year, revive an action by bill or supplemental petition.  *Carter v. Jennings*, 24 Ohio State, 188.   *Fox v. Abbott*, 12 Neb., 328. *Pendleton v. Fay*, 3 Paige, 204.   2 Daniels Ch. Pr. (4 Ed.), 1509.   Maxwell Pl. and Pr. (3 Ed.), 695.

Sec. 473 of the Code provides that if a judgment becomes dormant it may be revived in the same manner as is prescribed for reviving actions before judgment.

The statute does not provide that the judgment is to be revived in one year from the time it becomes dormant or the right to revive will be barred, and we have no authority to insert words to that effect therein.   We do not think the restriction as to time applies to the revivor of judgments.   The court no doubt might refuse to revive a judgment which had remained dormant for so long a time as to raise a presumption of payment, and where it would

R. V. R. R. Co. v. Fink.

be inequitable to enforce it. But that question is not before the court. The question here involved was before this court in *Wright v. Sweet,* 10 Neb., 190, and an order reviving a judgment sustained.

Objections were made to the right of a county court to make an order of revivor.

In *Miller v. Curry,* 17 Neb., 321, it was held that the provisions of the Code for the revival of actions and judgments apply to actions before justices of the peace. The same procedure applies to county courts. There is no error in the record and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.