WILLIAM H. GARRISON, PLAINTIFF IN ERROR, V. C. AULTMAN & CO., ET AL., DEFENDANTS IN ERROR.

1. **Judgment:** REVIVOR: PRESUMPTION OF PAYMENT. In a proceeding to revive a judgment in the county court, where the judgment debtor on an order to show cause, why the judgment shall not be revived for such cause, shows by affidavit that the judgment has been paid and satisfied, it is error for the county court to render final order of revivor without hearing testimony as to such payment or satisfaction. There being a presumption in favor of such payment and satisfaction, the burden of proof is on the judgment plaintiff to show that the judgment is unsatisfied.

2. ———: ———: JURISDICTION OF COUNTY COURT. When the transcript of a judgment rendered in a county court is filed in the district court of the same county, all proceedings should thereafter be had in such district court; but in the absence of a statute prohibiting the court in which the judgment was rendered from proceeding further in the case, a judgment of revivor rendered in such court will be valid. *Dennis v. Omaha Nat. Bank,* 19 Neb., 675. The county court possessing such jurisdiction, it is not error to exercise it.

ERROR to the district court for Fillmore county. Tried below before MORRIS. J.

*J. W. Eller* and *Ryan Bros.,* for plaintiff in error.

*J. P. Maule* and *W. V. Fifield,* for defendants in error.

REESE, J.

Defendants in error instituted a proceeding in the county court to revive a judgment obtained by them against plaintiff in error, and which had become dormant. The order of revivor was entered. This was affirmed on error to the district court. Plaintiff in error prosecutes error to this court.

A number of questions are presented, but we will notice but two, as they must control our decision.

The conditional order of revivor was made by the county court, and notice was given plaintiff in error to show cause why the revivor should not be made absolute. On the appointed day he appeared and made his showing under oath, the 3d, 4th and 5th paragraphs of which were as follows :

" 3rd.—Affiant says that on the 8th day of January, 1876, the said C. Aultman & Co. procured and caused to be filed in the office of the clerk of the district court of Fillmore county, Nebraska, a transcript of the said judgment, which is now sought to be revived, and that said transcript was then and there duly filed by the clerk of said court, and entered upon the judgment and execution docket of said court, together with the amount of said judgment and the time of filing the said transcript, and thereby said judgment was transferred to the said district court, and affiant under advice of counsel avers that on and after filing the said transcript and causing the same to be entered upon the record of said district court as aforesaid, the county court was thereby divested of all jurisdiction in respect to the subject matter out of which the judgment arose and of the persons against whom the judgment was rendered. Affiant therefore alleges that the county court has no jurisdiction to revive said judgment, or to do or perform any act relating to said judgment in any manner or form whatever, wherefore this court has no jurisdiction to revive said judgment.

" 4th.—Affiant further says that after the filing of said transcript of the said judgment in the said district court as aforesaid, and the said judgment had been by the clerk of said court entered upon the judgment and execution docket as aforesaid, said C. Aultman & Co. contracted and agreed with the said James E. McClellan to release the said judgment so transcripted, and the lien of said judgment upon his real estate, and take in consideration thereof money and notes of the said J. E. McClellan and the said C.

Aultman & Co., in consideration of certain money and notes executed with security and delivered by the said James E. McClellan to the amount and value of said judgment, did release the said judgment as transcripted as aforesaid and did release the lien of said judgment upon the real estate of the said James E. McClellan, whereby the said judgment in the said district court was fully released and satisfied. That said arrangements were made and executed without the knowledge or approval of affiant.

"That said James E. McClellan was, at the time said notes and money were paid and delivered to C. Aultman & Co., solvent, and his property was subject to the satisfaction of said judgment.

"That said James E. McClellan is now wholly insolvent, and that if said judgment should be revived, this affiant would be greatly damaged by reason of the acts of the said C. Aultman & Co.

"Wherefore this court has no jurisdiction to revive said judgment.

"5th.—That said judgment in the district court has been fully paid and satisfied, and the said C. Aultman & Co. have taken from the files of the court the notes upon which said judgment was based, and now hold the same.

"Wherefore this court has no authority or jurisdiction to revive said judgment."

To this a reply was filed, admitting the filing of the transcript on the 8th day of January, 1876, as alleged, but averring that no execution had been issued thereon, and that on the 30th day of June, 1881, the transcript was withdrawn from the district court records, and denying all the other allegations contained in the answer or showing against the revivor.

It will be seen by this that the question of the payment and satisfaction of the judgment was directly presented. But the county court, without hearing any proof, revived the judgment. In this there was error.

In *Wright v. Sweet*, 10 Neb., 190, Judge COBB, in writing the opinion of the court, says: "The lapse of five years raises the presumption of payment, not that the judgment was never entered, nor that it was erroneous or obtained by fraud, or of anything else but payment."

This presumption of payment having existed as to the judgment sought to be revived, it is clear that the burden of proof was on defendant in error to remove it before any proof was required upon the part of plaintiff in error. This presumption was rendered stronger by reason of the admitted fact of the withdrawal of the transcript from the files of the district court so long after its filing as to repel any suggestion of a mistake in filing it.

The question as to the jurisdiction of the county court to revive its own judgments after a transcript had been filed in the district court was before this court in *Dennis v. The Omaha Nat. Bank*, 19 Neb., 675; and it was there held that the filing of a transcript in the office of the clerk of the district court did not destroy the jurisdiction of the county court to revive the judgment. While, as suggested in that case, it would seem much better to proceed to a revivor in the district court, when a transcript has been filed therein, yet, the jurisdiction of the county court not having been taken away by the statute, it still remains.

For the reason that the issue of payment was not tried by the county court, the judgments of the district and county courts are reversed and the cause is remanded to the district court for further proceedings in accordance with law.

REVERSED AND REMANDED.

THE other judges concur.