CREIGHTON & MORGAN, PLAINTIFFS IN ERROR, V. M. S. GORUM, DEFENDANT IN ERROR.

Judgment: DORMANT JUDGMENT: REVIVOR. A judgment was recovered in a county court, a transcript thereof filed in the district court, on which an execution was issued and returned unsatisfied. No further proceedings were had in said cause until after the lapse of nine years, when a motion and affidavit were filed to revive the judgment. The parties thereupon stipulated "that the judgment herein sought to be revived was obtained, and that since the same was rendered five years have elapsed with no execution having been issued thereon, and no attempt made to collect said judgment, and that the judgment became dormant. That the same was dormant four and a half years before any steps whatever were taken to revive the same, and that no part of said judgment has ever been paid." Held, That the plaintiff was entitled to an order of revivor. Wright v. Sweet, 10 Neb., 191. Hunter v. Leahy, 18 Neb., 80.

ERROR to the district court for Saline county. Tried below before MORRIS, J.

Hastings & McGintie, for plaintiff in error, cited: Wright v. Sweet, 10 Neb., 191. Hunter v. Leahy & Co., 18 Id., 81. Eaton v. Hasty, 6 Id., 419. Gillette v. Morrison, 7 Neb., 263. Irwin v. Nixon, 11 Penn. State, 419.

J. H. Grimm, for defendant in error.

MAXWELL, J.

In April, 1875, the plaintiffs recovered a judgment against M. S. Gorum, in the county court of Saline county, on a joint and several promissory note signed by the defendants, and in July of that year a transcript of the judgment was duly filed in the district court of said county. In February, 1876, execution was issued from the district court on said judgment against Gorum, and returned un-

Creighton & Morgan y. Gorum.

satisfied. In July, 1885, the plaintiffs filed a motion in the district court for a revivor of said judgment, and an affidavit in support of same. A conditional order of revival was entered, and was served personally on Gorum, requiring him to appear and show cause why said judgment should not be revived. The defendant filed a motion objecting to the jurisdiction of the district court, for the reason, first, that the judgment came into the district court by a transcript from the county court; second, that the court had no jurisdiction of the person of defendant or subject-matter; third, because judgment was rendered April 17, 1875, and no execution issued; fourth, because plaintiff is not entitled to the relief demanded.

While the cause was pending in the district court, the parties entered into a stipulation of facts, as follows: " It is agreed by the parties hereto that the judgment herein sought to be revived was obtained, and that since the same was rendered five years have elapsed with no execution having been issued thereon, and no attempt made to collect said judgment, and that the judgment became dormant. That the same was dormant four and a half years before any steps whatever were taken to revive the same, and that no part of said judgment has ever been paid." On the trial of the cause judgment was entered, as follows : "On consideration whereof, the court finds as a matter of law that this state of facts shows such a want of diligence on the part of the plaintiffs since the judgment became dormant as not to entitle them at this time to a revivor of the same, and the motion for a revivor of the judgment is denied and the cause dismissed. It is therefore considered by the court that the above entitled action be and the same hereby is dismissed, and that the plaintiffs pay the costs of this action, taxed at $15.70."

Section 482 of the code provides that, "If execution shall not be sued out within five years from the date of any judgment that now is or may hereafter be rendered in

any court of record in this state, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment shall become dormant, and shall cease to operate as a lien on the estate of the judgment debtor."

Section 473 provides that " if a judgment become dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment."

In *Wright v. Sweet*, 10 Neb., 190, judgment was recovered in 1871, but no execution was issued thereon. In 1879 the judgment was revived, and the order of revivor was sustained by this court.

In *Hunter v. Leahy*, 18 Id., 80, the judgment was recovered in the county court in 1874. In September, 1876, an execution was issued, and returned by the sheriff without making a levy. In March, 1884, proceedings to revive the judgment were instituted and the judgment revived, which proceedings were sustained by this court.

These cases seem to settle the law as to the revivor of judgments, so far at least as it is applicable to the facts of this case, it being admitted that the judgment is unpaid. The reasons are stated in the cases cited, and need not be here repeated. The judgment of the district court is reversed and the cause remanded to the district court, with directions to enter judgment of revivor according to the stipulation of facts.

JUDGMENT ACCORDINGLY.

THE other judges concur.