HENRY H. SHUFELDT & CO. v. DAVID L. BARLASS.

[FILED JANUARY 20, 1892.]

1. **Sheriffs:** RETURN: AMENDMENT. The district court has power to permit a sheriff to amend his return on a process to conform to the facts, upon proper showing, and notice to the parties interested, and the permitting of such an amendment will not be disturbed by the supreme court, when it appears there has been no abuse of discretion.

2. ———: AMERCEMENT. In proceedings to amerce a sheriff for failure to sell under an order of sale, certain attached personalty, it was established that a valid chattel mortgage existed thereon at the time of the levy of the attachment, for the full value of the goods. Subsequently the mortgagee brought an action of conversion against the officer, in which a judgment was recovered for the value of the property, which judgment was satisfied by

53

the officer returning the goods, and paying to the mortgagee a large sum of money. The attaching creditor failed to give the sheriff an indemnifying bond. The district court held that the sheriff was not liable to amercement. *Held*, Proper.

ERROR to the district court for Adams county. Tried below before GASLIN, J.

*Bowen & Hoeppner*, for plaintiffs in error.

*Capps, McCreary & Stevens*, and *J. M. Ragan, contra*.

NORVAL, J.

The plaintiff in error presented to the district court of Adams county a motion to amerce the defendant in error, sheriff of said county, for failing to execute and return an order of sale of attached property issued out of said court, and directed to and placed in the hands of the defendant.

To the motion the sheriff filed an answer setting up facts in justification of his acts, and that the plaintiff had not been prejudiced or damaged thereby.

A reply was filed denying all the allegations of the answer. Upon the hearing the court held that the defendant was not liable to amercement, and overruled said motion. The plaintiff prosecutes error.

On the 21st day of February, 1888, the plaintiff in error commenced an action in the district court of Adams county against one Emanuel Fist, on an accepted draft, to recover the sum of $347.57, and an order of attachment was issued, directed to, and placed in the hands of the defendant, as sheriff, for execution. Subsequently the officer made return of the writ, that he had levied the same upon fifty-nine cases of assorted liquors, nine casks of assorted liquors, twenty-three barrels of liquors, eleven skeleton cases, seven boxes of flasks, and thirteen sacks of corks.

On June 11, 1888, the plaintiff recovered a judgment against Fist for the sum of $348.70 debt and costs of suit,

and obtained an order for the sale of the attached prop-
erty.

On January 18, 1889, an order of sale was issued on
said judgment and delivered to the sheriff, which not being
returned, on May 20, 1880, amercement proceedings were
commenced.   On the same day the sheriff returned the
order of sale, stating in the return that he had made no
sale, for the reason that no property was taken by him
under the order of attachment, and that the return on the
writ of attachment to the effect that property had been
taken was a mistake.   On the same day the sheriff, after
first obtaining leave of the court therefor, filed an amended
return to the original order of attachment which states that
no property was levied upon, and that the original return
was erroneously made.

The first error assigned is in permitting the officer to
amend his return to the order of attachment.   The undis-
puted testimony shows that at the time the order of attach-
ment was received by the sheriff, the property of Fist was
held by the officer under certain writs of attachment sued
out by other creditors of Fist, and that the property was
also claimed by the A. Furst Distilling Company, by virtue
of two chattel mortgages executed by said Fist.

There is testimony tending to show that immediately
upon the delivery of the order of attachment in question to
the sheriff, he demanded an indemnifying bond of one of
the attorneys of said Shufeldt & Co. before he would make
the levy under said writ, and that such bond was never
given, nor was any levy ever made.   The sheriff had a
perfect right to refuse to execute the writ until he was in-
demnified against any loss he might sustain by reason of
the seizure of the property, and if, on account of the fail-
ure of the plaintiff to furnish an indemnifying bond after
being requested so to do, the officer in fact did not execute
the order of attachment, he ought in justice to be permitted
to amend his original return to conform to the facts.   The

power of the district court to permit an officer to amend his return according to the facts cannot be doubted, and where such an amendment has been made upon proper showing and notice to the parties interested, the ruling will not be molested unless it appears that there has been an abuse of discretion. The only conflict in the testimony is upon the question whether the sheriff ever made a demand for indemnity. He testifies positively that he did, and that there never was any demand for indemnity made is as emphatically testified to by the attorney for the plaintiff. The court below thought the showing of the officer for permission to amend his return was sufficient, and its finding not being unsupported by the evidence, will not be disturbed. The fact that the application for leave to make the amendment was not made until the expiration of several months after the writ was returned did not bar the right of the officer to make the amendment. In *O'Brien v. Gaslin*, 20 Neb., 347, the sheriff was permitted to amend his return of the sale of real estate upon execution to conform to the facts after the lapse of eight years, and it was held that the granting of amendment was not an abuse of discretion, but was the proper exercise of the power of the court.

Conceding that the defendant in error did levy the writ of attachment issued in favor of Shufeldt & Co. upon property as stated in the original return thereon, it does not necessarily follow that the sheriff should be amerced for refusal to sell under the order of sale the property thus attached. The undisputed testimony shows that prior to the issuing of the attachment the property levied upon was mortgaged by Fist to the A. Furst Distilling Company; that subsequently the mortgagees commenced an action of replevin against the sheriff to recover the possession of the goods, and failing to give the bond required by the statute, of the plaintiff in replevin, the action proceeded against the officer as one for damages, which re-

sulted in a judgment in favor of the plaintiffs therein for the sum of $2,000, that being the value of the goods, which judgment has been settled by the sheriff by returning the property and paying $1,000 in money. Under these circumstances we think amercement was properly refused. Fist, the judgment debtor of Shufeldt & Co., had no interest in the property liable to their attachment, as his interest had been conveyed by the mortgages given to the distilling company. The plaintiffs did not sustain any loss or damage by reason of the acts of the sheriff. Had the plaintiffs in the replevin suit given bond and had judgment been rendered therein in their favor, it could not be successfully claimed that such proceedings were not a sufficient excuse for the refusal of the officer to sell the property thus taken from him by legal process. In principle we can discover no difference between a case where the property levied upon by a sheriff is taken from him on replevin and one where judgment for the value of the property is recovered against the officer in an action against him for conversion by the real owner. It was competent for the sheriff to show that the goods were not liable to the writ, but in fact belonged to the distilling company by virtue of their chattel mortgages. (*Freiberg v. Johnston,* 9 S. W. Rep. [Tex.], 455.)

In proceedings to amerce a sheriff for failure to execute and return an execution or writ of attachment the measure of damages is limited to the actual loss sustained by the plaintiff in the value or availability of his security by reason of the acts of the officer. (*Crooker v. Melick,* 18 Neb., 227; *Hellman v. Spielman,* 19 Id., 152.) Applying this rule to the facts in the case before us, it is obvious that the plaintiffs in error have not been prejudiced by the refusal of the sheriff to sell the property. The judgment is

AFFIRMED.

THE other judges concur.