HENRY W. HAYNES V. AULTMAN, MILLER & COMPANY ET AL.

FILED FEBRUARY 15, 1893. No. 5066.

1. **Revivor of Judgment by Default:** DEFENSE: DEFECTIVE SERVICE OF SUMMONS. Where service upon a defendant is made by leaving a copy of the summons at his residence and judgment is taken against him thereon by default, he may, in an action to revive the judgment, show that the place of service was not his place of residence; that he nor any member of his family had notice of the action until after judgment had been rendered against him, together with any other defense to the judgment.

2. ———: ———: REVIEW: INJUNCTION. In an action to revive a dormant judgment certain defenses were set up which tended to show that the court when it rendered the judgment had no jurisdiction of the defendant and that he had a defense to the action. A demurrer to the answer was sustained. *Held*, That the defendant should have prosecuted error from the ruling on the answer and that he could not bring an action by injunction to enjoin the judgment and set up substantially the same facts as were set forth in his answer.

ERROR from the district court of Antelope county. Tried below before POWERS, J.

*G. M. Cleveland* and *E. W. Adams,* for plaintiff in error.

*H. M. Uttley, contra.*

MAXWELL, CH. J.

This is an action to enjoin a judgment. A demurrer was sustained to the amended petition, and the plaintiff not desiring to amend his petition the action was dismissed. The petition is as follows:

" The plaintiff complains of the defendants for that on the 8th day of July, 1880, the defendant Aultman, Miller & Co. obtained three several judgments against the plaintiff in his absence, before Michael Costello, a justice of the peace in and for Holt county, Nebraska, copies of the record of which judgment are hereto attached, marked respectively Exhibits A, B, and C, and made a part hereof.

" 2. On the 6th day of April, 1881, said defendant Aultman, Miller & Co. caused a transcript of said judgments to be filed in the office of the clerk of the district court of Holt county, Nebraska.

" 3. No execution was ever issued upon said judgments, or either of them, until the 12th day of December, 1889, as hereinafter stated, and prior to said last mentioned date no attempt was, by said Aultman, Miller & Co., ever made or threatened to be made to enforce said judgments, or either of them, or any part thereof, and this plaintiff believed from the facts hereinafter set out that no attempt ever would be made to collect said judgments or any part thereof, and the said judgments became dormant by a lapse of time and the operations of the law on the 8th day of July, 1885.

" 4. That on the 27th day of August, 1888, the defendant Aultman, Miller & Co. filed in the office of the clerk of the district court of Holt county, Nebraska, three separate motions to revive said judgments, copies of which

motions are hereto attached, marked Exhibits 1, 2, and 3, and made a part hereof.

"5. That on the 30th day of August, 1888, the Hon. M. P. Kinkaid, judge of the district court of Holt county, Nebraska, made three separate orders commanding the plaintiff herein to show cause why said judgments should not be revived, which orders were, on the 10th day September, 1888, served on the plaintiff herein, copies of which orders are hereto attached, marked respectively Exhibits 4, 5, and 6, and made a part hereof.

"6. That on the 19th day of September, 1888, the plaintiff herein filed in the office of the clerk of the district court of Holt county, Nebraska, three separate answers, copies of which are hereto attached marked respectively Exhibits 7, 8, and 9, and made a part hereof.

"7. That on the 23d day of October, 1889, defendant Aultman, Miller & Co. filed in the office of the clerk of the district court of Holt county, Nebraska, a demurrer to said answers of the plaintiff, a copy of which demurrer is hereto attached, marked Exhibit 10, and made a part hereof.

"8. That on the 9th day of November, 1889, the district court of Holt county, being in session, sustained said demurrer and entered an order and judgment in said court intending to revive said judgment, a copy of which order and judgment is hereto attached, marked Exhibit 11, and made a part hereof.

"9. That on the 12th day of December, 1889, defendant Aultman, Miller & Co. caused an execution to issue out of said district court upon said order and judgment, and caused said execution to be placed in the hands of defendant H. C. McEvony, as sheriff of said county, and said defendant McEvony, as such sheriff, threatens to and is about to levy said execution upon the property, and unless restrained by the order of this court the defendant will cause the property of this plaintiff to be taken, levied

upon, and sold to satisfy said execution and said order and judgment.

"10. That the said judgments were rendered by said justice of the peace in plaintiff's absence and without his knowledge, and no summons or notice of any kind was ever served upon plaintiff in either of the actions in which said judgments were obtained, nor was a copy of any summons or notice of any kind ever left at the usual place of residence of the plaintiff in Holt county, nor with any members of his family in either of said actions, and plaintiff had no residence in Holt county at the time that the said judgments were rendered, and had no residence in Holt county at the time that the writs of summons in said action purport to have been served as set forth in the transcript of said judgments attached hereto, and no member of plaintiff's family resided in said county of Holt at said times, and plaintiff did not know that any of said actions had been begun or were pending against him until four or five weeks after the rendition of said judgments; that copies of said writs of summons were left at a house in Holt county about seven miles southeast of O'Neill, at which house plaintiff had at one time resided, but from which plaintiff and all his family had removed out of Holt county long before the date of the pretended service of said writs, and no copies of either of said writs was ever delivered to plaintiff or left at any other place as above set forth.

"11. That he had a good defense to each of said actions before said justice of the peace in this, that said pretended judgments were founded upon, and said actions brought upon, three promissory notes given by this plaintiff to defendant Aultman, Miller & Co. in payment for a combined reaper and mower which this plaintiff had purchased from defendant Aultman, Miller & Co. under a warranty that said machine was fit for use in cutting hay and grain, on which warranty defendant relied, and without which

said warranty he would not have purchased the same. Said machine was not fit to cut hay and grain as represented by the plaintiff, but was wholly worthless as a mowing machine, and wholly worthless as a reaping machine, and was of no value whatever for any purpose, wherefore there was an entire failure of the consideration for said notes, and the said defendant in said actions, plaintiff herein, would have appeared and made his defense to said action upon said notes if he had had any knowledge whatever that suit had been brought upon said notes, or either of them.

"12. At the time of the rendition of the judgments aforesaid, said justice of the peace, Michael Costello, had no jurisdiction of the person of the defendant therein, Henry W. Haynes, plaintiff herein, and said H. W. Haynes has never had any opportunity to present his defense to the notes sued upon in said actions, and upon which said judgments were rendered, and that, too, without fault or negligence upon his part; and the plaintiff has no remedy at law.

"Plaintiff therefore prays that the defendants may be enjoined from collecting said judgment and enforcing said execution, and from levying upon the property of this plaintiff to satisfy said execution, perpetually, or until such time as defendant Aultman, Miller & Co. will submit to a trial of said causes of action upon which said judgments were founded upon the merits thereof, and for such other relief as may be just and equitable."

It appears from the exhibits attached to the petition, and made a part of it, that in the action to revive the judgments the plaintiff herein filed an answer in which he alleged, in substance, that the judgments were void for want of a finding that Haynes had removed from Holt county when the summons was left at his late residence therein, and that he had no notice of said summons or action until it was too late to appear in the action either by appeal or to open the judgment; that the notes in ques-

tion were given for a combined reaping and mowing machine, which was of no account or value, and the consideration therefor failed. It also appears that a demurrer was filed by Aultman, Miller & Co. to said answer, which demurrer was sustained, and the actions revived for the amounts of the original judgments, interest, and costs. It is probable that the court erred in sustaining the demurrer in those cases, and if the ruling upon the demurrer was before us for review that it would be reversed.

Section 471 of the Code provides "that when a judgment is recovered against one or more persons jointly indebted upon contract, those who were not originally summoned may be made parties to the judgment by action." Where the return of an officer shows service by leaving the summons at the residence of the debtor, the debtor may show as a defense to the judgment that the place of service was not his place of residence. This principle is recognized in *Blodgett v. Utley*, 4 Neb., 25, *Lane v. First Nat. Bank*, 6 Kan., 75, and *Sage v. Hawley*, 16 Conn., 106. If the debtor and all the members of his family are absent from the county, and the time of their return is uncertain, or their absence will be protracted beyond the time of trial, it is evident that a summons left at the former residence would not be sufficient to apprise the debtor of the action. For the purposes of that trial the summons would not be served at the residence of the debtor. The theory of our law is that the debtor shall have personal service, or its equivalent— notice left at his actual residence, otherwise it would be possible to perpetrate gross frauds upon the party sued. None of these matters can be considered in this case. This is an attack upon the judgment as revived, and if the court had jurisdiction which rendered the same, and there was an opportunity to defend, this action cannot be sustained. Upon both of these points we must hold with the defendants. The judgment is therefore

AFFIRMED.

THE other judges concur.