C. M. WITTSTRUCK ET AL., EXECUTORS, v. E. A. TEMPLE.

FILED FEBRUARY 23, 1899. No. 8738.

1. **Dormant Judgments: REVIVOR: PRESUMPTION.** The lapse of fourteen years after the entry of a judgment and before a proceeding to revive is instituted, without issuance of an execution, raises the presumption of payment. This presumption, however, is not conclusive, but may be overcome by proof that the judgment has never been paid.

2. ———: ———: ———. The presumption of payment arising by the lapse of time cannot be invoked by the judgment debtor when he has not tendered the issue of payment in the proceeding to revive.

3. **Summons: SERVICE.** A summons must be served by delivering a copy thereof to the defendant personally, or by leaving a copy for him at his usual place of residence. Service by leaving a copy for him at his usual place of business is insufficient to confer jurisdiction over his person.

4. ———: RETURN: AMENDMENT. The permission to an officer to amend his return on a summons is not equivalent to an actual amendment.

5. **Dormant Judgments: REVIVOR: JURISDICTION.** In a proceeding to revive a dormant judgment the defendant may interpose as a defense that such judgment is void on the ground that the court entering it had no jurisdiction over his person.

Wittstruck v. Temple.

6. **Summons: Return: Amendment.** The granting of permission to a sheriff to amend his return on a process to conform to the facts, upon proper showing and notice, is discretionary with the trial court.

Error from the district court of Lancaster county. Tried below before Holmes, J. *Reversed.*

*Willard E. Stewart,* for plaintiffs in error.

*Stearns & Tyrrell,* contra.

Norval, J.

It is sought by this proceeding to review an order of the court below reviving a dormant judgment. On June 1, 1881, Edward A. Temple obtained a judgment in the district court of Lancaster county against Frank G. Wittstruck for the sum of $248.98, and costs of suit. On motion of plaintiff, accompanied by the affidavit of his counsel, setting forth the recovery of the judgment for the sum stated above, and that the judgment had become dormant by the lapse of time, but was wholly unpaid, the court made a conditional order of revivor, returnable in three days after service thereof, and afterwards a hearing was had, and the conditional order was made absolute against Charles M. Wittstruck and J. H. Wittstruck, as executors of the estate of Frank G. Wittstruck, deceased, who prosecute this error proceeding.

The order of revivor is assailed on various grounds; among others, that the lapse of fourteen years between the rendition of the judgment and the application for the order of revivor raises the presumption of payment, which was not overthrown by the proofs adduced on the hearing. It is true that the lapse of so many years between the entry of the judgment and the proceeding to revive the same, without the issuance of an execution, raises the presumption of payment and satisfaction of the judgment. (*Wright v. Sweet,* 10 Neb. 192; *Hunter v. Leahy,* 18 Neb. 80; *Garrison v. Aultman,* 20 Neb. 311;

*Creighton v. Gorum*, 23 Neb. 503.) This presumption is not, however, conclusive, but may be overcome. The motion and affidavit filed by the judgment creditor to revive state that the judgment is wholly unpaid, and this averment was not put in issue by any plea or evidence. The question of payment was not an issue before the district court. Had the payment of the judgment been pleaded, then, under the foregoing authorities, the presumption of payment arising from the lapse of time would have defeated the proceeding to revive, unless the judgment creditor had overcome such presumption by proof that the judgment had never been paid. It devolved upon those resisting the order of revivor to tender the issue of payment by proper plea, and not having done so, the averments in the motion to revive and the affidavit filed in support thereof "that the judgment is wholly unpaid" were confessed.

Another argument is that the face of the record discloses that the court had no jurisdiction over the person of F. G. Wittstruck to render the judgment against him which is sought to be revived herein. He made no appearance in the action. The return of the sheriff on the summons states that the writ was served "on the within named Frank G. Wittstruck, by leaving at his usual place of business, in Firth, a true and certified copy of the same, with all the indorsements thereon." Section 69 of the Code of Civil Procedure requires that "the service shall be by delivering a copy of the summons to the defendant personally, or by leaving one at his usual place of residence, at any time before the return day." By section 25 of the same Code service in an action against a partnership or firm may be made by copy left at the usual place of business. (*Ruth v. Lowrey*, 10 Neb. 263; *Rosenbaum v. Hayden*, 22 Neb. 744; *Herron v. Cole*, 25 Neb. 692.) The action was not against a firm or association of persons, nor was the defendant Frank G. Wittstruck sued as being a member of a partnership; hence summons could not be legally served upon him by

leaving a copy at his usual place of business. Service could only be made by delivering a copy to him personally, or by leaving one at his usual place of residence. (*Aultman v. Steinan*, 8 Neb. 109.) It is, therefore, very evident from the return made by the sheriff to the summons that it was insufficient to confer jurisdiction upon the court to pronounce any judgment against the defendant. It is true permission was granted the sheriff, during the pendency of the proceeding to revive, to amend his return on the summons so as to show that the writ was served by leaving a copy at the usual place of residence of the defendant Frank G. Wittstruck; but no amendment of the return was in fact ever made by the officer. The permission to amend was not equivalent to an actual amendment of the return of the summons, no more than would the granting of authority to a party to amend his pleading constitute an amendment thereof. The judgment rendered upon the service of the summons by copy left at the defendant's usual place of business was without jurisdiction and void. This fact was sufficient to defeat a revivor of the judgment. (*Enewald v. Olsen*, 39 Neb. 59; *Haynes v. Aultman*, 36 Neb. 257.)

Complaint was made because authority was granted the sheriff to amend his return on the summons to conform to the facts. There was a conflict in the evidence adduced on the question whether the place where copy of the summons was left by the sheriff for the defendant was the latter's place of business or usual place of residence. The court below merely sustained the motion to amend the return, but did not direct what the officer should insert in his return as an amendment. If the return did not speak the truth, or the facts completely, it was the duty of the court, upon proper showing and notice, permission therefor being asked, to allow the sheriff to amend his return so as to make the same conform to the facts. (*O'Brien v. Gaslin*, 20 Neb. 347; *Shufeldt v. Barlass*, 33 Neb. 785; *Phœnix Ins. Co. v. King*, 52 Neb. 562.) No abuse of discretion is shown in granting permission to

make the amendment. The order of revivor is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.