ERICK W. WESTMAN, APPELLANT, V. CHARLES CARLSON
ET AL., APPELLEES.

FILED MAY 20, 1910.   No. 16,016.

1. **Process:** SERVICE: PRESUMPTIONS.   Where the return of a sheriff
recites that he served the summons, on which the return is in-
dorsed, the presumption is that he performed his duty in making
the service.

2. ———: ———: IMPEACHMENT.   The return of a sheriff that he
served a summons on defendant can only be impeached by clear
and convincing proof.

3. **Judgment:** SUIT TO CANCEL: MERITORIOUS DEFENSE.   A suit in
equity to cancel a judgment rendered by default in an action at
law in which a summons was legally served on defendant should
be dismissed, where the facts pleaded and proved fail to disclose
a meritorious defense to the original action.

APPEAL from the district court for Saunders county:
BENJAMIN F. GOOD, JUDGE.   *Affirmed.*

*Tibbets & Anderson,* for appellant.

*John L. Sundean* and *William R. Patrick, contra.*

ROSE, J.

This is a suit in equity brought by plaintiff in the dis-
trict court for Saunders county to cancel a judgment ren-
dered by default against him and Peter John Westman
in the county court of Saunders county, September 7,
1898, for the sum of $373.89, in an action on three promis-
sory notes given by them to the payees, Carlson and Han-
son, for the purchase price of a second-hand cornsheller.
The suit in equity was dismissed, and plaintiff has ap-
pealed.

In the county court the firm of Carlson & Hanson was
plaintiff and Peter John Westman and Erick W. Westman
were named in the petition as defendants.   August 17,
1898, the county judge issued a summons returnable Sep-
tember 6, 1898, on which the sheriff made return as fol-

lows: "Received this writ on the 17th day of August, 1898, and on the 25th day of August, 1898, I served the within defendants by leaving a certified copy of the same, with all the indorsements thereon, at their usual place of residence in Saunders county. W. D. Farris, Sheriff, by W. H. Collins, Deputy. Fees: Service, $0.75; copies, $0.50; mileage, $1.70; $2.95." The Westmans did not appear in response to the summons, and the judgment which is now the subject of controversy was entered against them by default. Under issues properly raised by the pleadings, plaintiff in the present suit adduced testimony to impeach the return quoted; and whether the evidence is sufficient for that purpose is the principal question presented by this appeal. Plaintiff in his own behalf testified, in substance, as follows—the sheriff's return showing service August 25, 1898: Plaintiff and his brother John were unmarried, and with two sisters, named Helga and Lorena, lived with their mother on a farm in Saunders county during the month of August, 1898. The mother and Helga were invalids, requiring constant care. Helga died October 16, 1898, and the mother June 6, 1907, before this case was tried in the district court. Lorena was generally in attendance upon them, but when absent one or the other of the brothers took her place. The mother could not converse in English, and for that reason seldom went to the door to meet callers. That duty usually fell to Lorena. So far as plaintiff knew, the sheriff or deputy had called only twice with process, once to serve a subpoena, and again to serve a summons issued by the county judge in a prior suit begun August 12, 1898, to recover judgment on the notes already described, and dismissed August 16, 1898. Plaintiff remembered both services, but never knew of the summons issued August 17, 1898, or of the judgment against him, until execution was threatened or issued in 1908. John and Lorena testified to substantially the same facts. In addition, Lorena said that she was only absent from the farm once or twice during the month of August, 1898, that the sheriff could

not have served the summons as stated in his return without her knowing it, and that she knew of no such service. She admitted, however, that her mother and Helga were sometimes out of doors, and that an officer might have handed either of them copies of a summons. This testimony rests in the memory of the witnesses, and relates to a time nearly ten years earlier, when they would naturally be distracted by the illness of their mother and sister. For anything appearing in the proofs, the service may have been made as certified by the sheriff. The return of the officer is part of the judicial record of the case. It appears to be regular on its face. It shows in addition to the return that the sheriff charged mileage and fees for copies of the summons. He performed his duties under an oath of office and the penalties of an official bond. As to serving the writ and making the return, the presumption is that the officer performed his duty. *Parker v. Starr,* 21 Neb. 680. The return of a sheriff that he served a summons on defendant can only be impeached by clear and convincing proof. *Connell v. Galligher,* 36 Neb. 749; *Unangst v. Southwick,* 80 Neb. 119. This doctrine is essential to the integrity and permanency of judicial records. In the light of all the evidence, the trial court correctly held that plaintiff in making his case did not meet the requirements of the rule stated.

Plaintiff insists, however, that in any event he did not have notice or knowledge of the suit, that he had a valid defense which, without fault or neglect on his part, he was prevented from making, and that on equitable grounds the judgment of the county court should be opened. The defense pleaded is that the notes were given for a cornsheller upon the condition it would be repaired by Carlson and Hanson, from whom it was purchased, so that it would do good work, that they did not so repair it, that it was of no value, and that in consequence there was a failure of consideration. There is some testimony in support of this defense, but there is convincing proof that the

father of plaintiff bought the cornsheller for his sons, when they were minors, but did not pay for it. After they reached majority, after the sheller had been on their farm perhaps two years, and after they had used it, plaintiff and his brother John signed the notes in question. The record justifies a finding that after the signing of the notes they procured supplies for the sheller from Carlson and Hanson without paying for them, used the machine several years, and made no attempt to return it or to rescind the contract of purchase, or to have the notes canceled or returned. A consideration of all the evidence leads to the conclusion that plaintiff herein is not entitled to have the judgment by default opened.

No error being found in the record, the judgment of the district court is

AFFIRMED.