Ault v. Stewart.

---

GEORGE AULT, APPELLANT, v. BERT STEWART ET AL.,
APPELLEES.

FILED DECEMBER 31, 1924.  No. 23690.

Process: SUMMONS: RETURN: IMPEACHMENT. The return of a sheriff on a summons by him served is presumed to be correct. and cannot be impeached except by clear and convincing evidence.

APPEAL from the district court for Scotts Bluff county: P. J. BARRON, JUDGE. *Affirmed.*

*J. M. Fitzgerald, B. M. Shumway* and *Robert G. Simmons,* for appellant.

*F. J. Reed, contra.*

Heard before MORRISSEY, C. J., DEAN, DAY, and GOOD, JJ., and SHEPHERD, District Judge.

GOOD, J.

George Ault brought this action to enjoin the enforcement of a judgment obtained against him by default in the county court of Scotts Bluff county. Said judgment was in favor of Bert Stewart, defendant herein. Plaintiff in this action alleges that said judgment was void for lack of jurisdiction over his person by the county court of Scotts

Bluff county. The trial resulted in a finding against the plaintiff and judgment of dismissal. Plaintiff appeals.

The plaintiff in this action resides in Sioux county, which adjoins Scotts Bluff county immediately on the north. There is a highway on the county line between the two counties. The sheriff of Scotts Bluff county served the summons upon Ault while he was on this county highway between the counties, and made return on the summons, showing service in Scotts Bluff county. Plaintiff in this action attacks the return of the sheriff as false and claims that the summons was served on him while he was in Sioux county. The county line is supposedly the center of this highway and Ault claims that he was north of the center of the highway when the summons was served. The evidence shows that there is but one traveled track upon this highway and that it is located about the center thereof; that Ault was traveling eastward upon this highway and in the main-traveled track. He was sitting on a wagon seat in the center of a beet wagon, or beet rack, which was about six feet wide. The sheriff went to the south side of this wagon and handed the summons up to Ault, who reached to the south and down to the officer to receive it.

The evidence on behalf of the plaintiff in this action tends to indicate that he was in Sioux county when the summons was handed to him, while the evidence on behalf of defendant tends to show that the sheriff, at least, was in Scotts Bluff county, and that Ault reached across and into that county when he received the summons from the sheriff.

The rule is well established in this state that a sheriff's return on a summons is *prima facie* proof of the service therein indicated. *Walker v. Stevens,* 52 Neb. 653. It is also held in *Connell v. Galligher,* 36 Neb. 749: "To impeach the return of an officer of the due service by him of a summons, the evidence must be clear and satisfactory." And in *Wilson v. Shipman,* 34 Neb. 573, it is held: "The return of an officer on a summons, that he had personally served a copy of the same on the defendants, may be contradicted and disproved by the defendant; but it must be

clear from the evidence and circumstances that the return is untrue, otherwise it is the duty of the court to sustain it." In *Unangst v. Southwick*, 80 Neb. 119, it is held: "The return of an officer cannot be impeached except by clear and convincing evidence."

It is apparent that the burden of proof was upon the plaintiff in this action to show the falsity of the officer's return by evidence that was clear and convincing. The most that may be said for the plaintiff in this action is that his evidence may raise a doubt as to the correctness of the officer's return. It falls short of being clear and convincing that the return is false.

The judgment is also attacked upon the ground that Ault was not within Scotts Bluff county when the petition was filed and the summons issued, but the evidence upon this question preponderates strongly in favor of the defendant.

The judgment of the district court seems to be in accordance with well-established rules of law and supported by sufficient evidence, and is, therefore,

AFFIRMED.