KATHRYN DE LAIR, APPELLANT, v. CHARLES DE LAIR DEFENDANT, LEWIS W. DAVIES, APPELLEE.

21 N. W. 2d 498

FILED FEBRUARY 1, 1946. No. 31988.

*John C. Mullen, Gerald M. Mullen,* and *Jean M. Johnson,* for appellant.

*Russell S. Waite, J. L. Gagnon,* and *Lee Kelliger,* for appellee.

Heard before SIMMONS. C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

This appeal is from an order of the district court for Richardson County denying several motions asking for an order to amend a sheriff's return on a summons.

The record discloses that on July 25, 1934, Kathryn De Lair, whose name is now Kathryn Simon, filed an action in the district court for Richardson County against Charles De Lair, her husband, for the purpose of obtaining a divorce.

The return of the sheriff on the summons issued therein is as follows:

"STATE OF NEBRASKA  ⎫
                                    ⎬ ss.
COUNTY OF RICHARDSON ⎭

Received this on the 25th day of July, 1934 I hereby certify that on the 26 day of July, 1934 I served the above Summons on the above-named Charles De Lair by

~~delivering to~~ leaving at his usual place of residence, a true and certified copy of this writ, All done in Richardson Co. Nebr. as required by law.

LEWIS W. DAVIES, Sheriff"

On September 12, 1934, a decree of divorce was entered therein in favor of the plaintiff, Kathryn De Lair.

On August 21, 1944, Kathryn De Lair, now Kathryn Simon, filed a motion in the divorce action setting forth that the return of the sheriff on the summons failed to correctly state the manner in which the service was made and asked the court for an order to amend the return to comply with the facts by causing it to read as follows: "Charles De Lair by delivering to him in person, a true and certified copy of this writ. All done in Richardson County, Nebraska."

She filed in support of her motion the affidavits of Charles De Lair, Gladys A. Foster, Grace C. De Lair, and Merna De Lair.

On the same day a like motion was filed by the defendant, Charles De Lair, and was supported by the same affidavits.

On September 9, 1944, Effie K. Young, who was the deputy sheriff of Richardson County at the time the original summons was served on July 26, 1934, and who typed the return thereon at the direction of the sheriff but who did not make the service thereof, filed her motion to like effect.

On September 13, 1944, Lee Kelligar, an attorney at law, after obtaining permission from the court, filed a motion in the form of an affidavit objecting to the allowance of the motions to amend the return of the sheriff.

On November 14, 1944, the appellee, Lewis W. Davies, who was the sheriff of Richardson County at the time the summons was served and the officer who served it, filed a motion, under oath, stating that the return was in all respects true and correct and asked that the motions to amend his return be denied.

Hearing was had on these several motions and on December 14, 1944, the court denied the motions of Kathryn De Lair, now Kathryn Simon, Charles De Lair, and Effie K. Young. It is from this order, after her motion for new trial

was overruled, that the appellant, Kathryn De Lair, now Kathryn Simon, has appealed.

As stated in the appellant's brief, the only issue submitted to and determined by the district court was whether or not the sheriff's return on the summons served should be amended.

However, there are several preliminary matters raised by appellee that should be disposed of prior to the determination of the main issue.

Appellant filed a reply brief. Appellee contends it presents issues neither presented to nor determined by the trial court; also, that it contains propositions of law neither raised nor discussed in appellant's original brief. Appellee's contentions are correct as to the greater part of appellant's reply brief and in our consideration thereof we will apply thereto the following rules:

"Ordinarily, this court, in its appellate jurisdiction, will not pass upon an issue that is neither raised by the pleadings nor decided by the trial court." Miles v. Miles, 120 Neb. 436, 233 N. W. 249.

"A point raised for the first time in the reply brief will not be considered by the appellate court." 4 C. J. S., Appeal and Error, s. 1333, p. 1914. See, also, Ames v. Board of Supervisors of Polk County, 234 Iowa 617, 12 N. W. 2d 567.

Appellee further contends that the order appealed from is not such a final order as is appealable. He cites in support of such contention our decisions wherein we have held that an order quashing service by publication or of a summons is not such a final order as is appealable until after the final disposition of the action. See Persinger v. Tinkel, 34 Neb. 5, 51 N. W. 299; Lewis v. Barker, 46 Neb. 662, 65 N. W. 778. However, those cases are not applicable for here a decree of divorce has been entered in the original action making a final disposition of the issues presented. This proceeding comes within the provisions of section 25-1902, R. S. 1943, and is a final order for the purpose of appeal. Section 25-1902, R. S. 1943, provides as follows: "An order affecting a substantial right in an action, when such

order in effect determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding, or *upon a summary application in an action after judgment,* is a 'final order' which may be vacated, modified or reversed, as provided in this chapter." (Italics ours.)

The appellee, who was the sheriff of Richardson County at the time the original divorce action was brought and who served the summons issued in that action, objected to the admissibility of the testimony of witnesses taken in the form of depositions based on the rule stated in State v. Omaha Elevator Co., 75 Neb. 637, 110 N. W. 874, as follows: "Depositions cannot be used as evidence against parties who were not notified of the time and place of taking the same, and did not participate therein."

In taking the depositions above referred to, which were taken prior to the appellee's appearance herein by motion, notice was served on the original parties to the divorce action but not on the appellee whose return is sought to be amended.

We have held that in a proceeding to amend an officer's return that, "The district court has power to permit a sheriff to amend his return on a process to conform to the facts, upon proper showing and notice to the parties interested, * * * ." Phoenix Ins. Co. v. King, 52 Neb. 562, 72 N. W. 855. See, also, Shufeldt v. Barlass, 33 Neb. 785, 51 N. W. 134; Wittstruck v. Temple, 58 Neb. 16, 78 N. W. 456.

Section 25-852, R. S. 1943, provides in part as follows: "The court may, either before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, * * * by correcting * * * a mistake in any other respect * * * ."

We have said in O'Dea v. Washington County, 3 Neb. 118, that, " ' * * * the term *proceeding* is used in the section of the code referred to, to distinguish all other steps taken in an action, from those embraced in the word *pleading.*' " See Irwin v. Bank of Bellefontaine, 6 Ohio St. 81.

The Supreme Court of Ohio, under a statute substantially

the same as section 25-852, R. S. 1943, in the case of Paulin v. Sparrow, 91 Ohio St. 279, 110 N. E. 528, held: "A court has the authority to order the return of process amended in accordance with the facts relating to such service either before judgment or at any time after judgment that the evidence is available to establish the facts upon which the judgment of the court ordering the return amended is predicated." See Fowler v. Cooper, 81 Minn. 19, 83 N. W. 464.

Under the provisions of section 25-852, R. S. 1943, the district court, on application of one of the parties, has power to amend a sheriff's return on a process to conform to the facts, upon proper showing and notice to the parties interested. See Britton v. Larson, 23 Neb. 806, 37 N. W..681; Barker Co. v. Central West Investment Co., 75 Neb. 43, 105 N. W. 985; Davis v. Jennings, 78 Neb. 462, 111 N. W. 128; Keil v. Farmers Irrigation District, 119 Neb. 503, 229 N. W. 898.

When the summons was filed with the return of the officer thereon it became a part of the record in the case. The officer making the return was not originally a party to the suit and did not become such by reason of his return. It would have been entirely proper for the trial court to have ordered notice of the application to be served upon the officer, where, as here, he neither asked to have his return amended nor by his conduct, in effect, consented thereto, however, the application to have the return amended being made by one of the parties to the action to which the officer was not a party, it was not necessary to have notice thereof served upon the officer. Likewise it was not necessary to serve him with notice to take the deposition. The objections were therefore properly overruled.

Coming to the issue determined by the district court we find the following holdings of this court applicable:

"That an amendment may be made to the return of a process or other writ to conform to the facts is well recognized in this jurisdiction. O'Brien v. Gaslin, 20 Neb. 347, 30 N. W. 274; Shufeldt v. Barlass, 33 Neb. 785, 51 N. W. 134; Wittstruck v. Temple, 58 Neb. 16, 78 N. W. 456;

Mudge v. Mudge, 111 Neb. 403, 196 N. W. 704." State Furniture Co. v. Abrams, *ante* p. 342, 19 N. W. 2d 627.

In Westman v. Carlson, 86 Neb. 847, 126 N. W. 515, where the principal question presented by the appeal was the same as here we said of the return of the officer as follows: "The return of the officer is part of the judicial record of the case. It appears to be regular on its face. * * * He performed his duties under an oath of office and the penalties of an official bond. As to serving the writ and making the return, the presumption is that the officer performed his duty. Parker v. Starr, 21 Neb. 680. The return of a sheriff that he served a summons on defendant can only be impeached by clear and convincing proof. Connell v. Galligher, 36 Neb. 749; Unangst v. Southwick, 80 Neb. 119. This doctrine is essential to the integrity and permanency of judicial records." As stated in Connell v. Galligher, 36 Neb. 749, 55 N. W. 229: " 'Upon grounds of public policy, the return of the officer, even though not regarded as conclusive, should be deemed strong evidence of the facts as to which the law requires him to certify, and should ordinarily be upheld, unless opposed by clear and satisfactory proof.' " See Wyland v. Frost, 75 Iowa 209, 39 N. W. 241. As therein quoted from Randall v. Collins, 58 Tex. 231: " 'But assuredly if equity will allow one who has been guilty of no fault or negligence to contradict the sheriff's return by parol evidence, for the purpose of having an unjust judgment by default set aside, we are of the opinion that it should require the evidence to be clear and satisfactory. It is not like an ordinary issue of fact to be determined by a mere preponderance of testimony.' " In Campbell v. Harvard State Bank, 103 Neb. 562, 173 N. W. 587, we said: "Where the return of a sheriff recites that he served the summons, upon which the return is indorsed, the presumption is that he has done so, and the burden of proof is upon one seeking to impeach the same to establish the falsity of the return by clear and convincing proof." These same rules are again stated in Ault v. Stewart, 113 Neb. 47, 201 N. W. 639, as follows: "The rule is well established in this state that a sheriff's

return on a summons is *prima facie* proof of the service therein indicated. Walker v. Stevens, 52 Neb. 653. It is also held in Connell v. Galligher, 36 Neb. 749: 'To impeach the return of an officer of the due service by him of a summons, the evidence must be clear and satisfactory.' And in Wilson v. Shipman, 34 Neb. 573, it is held: 'The return of an officer on a summons, that he had personally served a copy of the same on the defendants, may be contradicted and disproved by the defendant; but it must be clear from the evidence and circumstances that the return is untrue, otherwise it is the duty of the court to sustain it.' In Unangst v. Southwick, 80 Neb. 119, it is held: 'The return of an officer cannot be impeached except by clear and convincing evidence.' "

Appellant, to sustain her motion to amend the sheriff's return, offered the depositions of Charles De Lair, Grace C. De Lair, Gladys A. Foster, Merna De Lair, and Effie K. Young, together with the testimony of herself. For the purpose of identification Charles De Lair was the defendant in the original divorce action and is now married to Merna De Lair whom he married on January 1, 1942. Grace C. De Lair is the mother of Charles and Gladys A. Foster is a sister of Charles. Effie K. Young was the deputy sheriff at the time the service of summons here involved was served.

Charles De Lair testified by deposition and stated in his affidavit that he is now living in Riverside, California, but that in July 1934, he was living with his parents in Falls City, Nebraska; that Lewis W. Davies, who was then sheriff of Richardson County, served him in the divorce action by handing the summons to him in person while he was at the home of his parents; that his mother, Grace C. De Lair, and his sister, Gladys A. Foster, were both present. Grace C. De Lair, the mother, and Gladys A. Foster, the sister, both now of Riverside, California, testified in their depositions and stated in their affidavits to the same effect, that they were present at the home in Falls City when the summons was served on Charles in person.

Effie K. Young, who was deputy sheriff of Richardson

County at the time the service was made and who prepared the return but did not serve the summons, testified by deposition that she made a mistake in the return and, by her motion filed herein, asked to have the mistake corrected by showing the service to have been on Charles De Lair in person. She then went on to explain how the mistake could have happened. However, it is apparent from her testimony that she had no independent knowledge of how the service was made nor recollection of the facts but based her testimony on the affidavits of Charles De Lair, Grace C. De Lair, and Gladys A. Foster, which she read prior to giving her testimony.

Lewis W. Davies, the appellee and sheriff at the time the divorce proceedings were instituted and who actually made the service therein, did not testify but stated in his motion, which was made under oath, that the return is in all respects true and correct.

The burden of proof was upon the appellant to show the falsity of the officer's return by evidence that was clear and satisfactory. We think her evidence meets this requirement and that her motion should have been sustained. The action of the lower court is therefore reversed with directions to order the sheriff's return to be amended to show that service was had on Charles De Lair in person.

REVERSED.