ELLEN CANTWELL SARGEANT *vs.* HORACE R. BIGELOW and others.

January 7, 1878.

Negligent Failure to Interpose Defence no Ground for Equitable Relief.—A defendant laboring under no disability, and having a defence to an action against him, existing and known to him at the commencement of such action, which he has by his own sheer neglect failed to interpose, is not entitled to relief from the consequences of said neglect in equity.

Appeal from a judgment of the district court for Ramsey county, *Simons,* J., presiding, after a motion made by the defendants for judgment in their favor upon the pleadings.

*C. S. Bryant* and *W. P. Clough,* for appellant, argued that the mortgage debt was paid long before the foreclosure proceedings were begun; that the mortgage was thereby extinguished, and that there remained nothing thereafter to foreclose; that the plaintiff in the foreclosure suit was charged by the law with notice of that fact, and, therefore, was guilty

of legal fraud in causing the property to be sold under the decree of foreclosure. *Gainesborough* v. *Gifford*, 2 P. Wms. 424.

*Bigelow, Flandrau & Clark*, for respondents, argued that the foreclosure judgment was conclusive against the plaintiff upon the subject of payment; that her remedy against the judgment was by motion, under the statute, in the suit in which it was rendered, and not by original suit, (*Wieland* v. *Shillock*, 23 Minn. 227; *Johnston* v. *Paul*, Id. 46;) and that in any event the unenacted law never furnished any remedy against a judgment at law or decree in chancery, in a case like this, where the party labored under no legal disability, and failed to interpose an existing defence to a suit of which he had full knowledge, without any fault of the other party. Freem. on Judg. §§ 94, 95, 96; *Thatcher* v. *Gammon*, 12 Mass. 267; *Young* v. *Keighly*, 16 Ves. 348; *Wiser* v. *Blachly*, 2 John. Ch. 488; 2 Barb. Ch. Pr. 90.

BERRY, J. Upon the defendants' motion for judgment in the court below the following facts stood admitted: On July 30, 1855, the plaintiff, then sole, gave her bond to Hawke for the payment of $400 and interest, and on the same day, to secure its payment, executed to Hawke a mortgage on real estate in the city of St. Paul. On April 14, 1858, Hawke assigned the bond and mortgage to Tompkins, who afterwards assigned them to defendant Bigelow, upon certain trusts. On August 9, 1870, Bigelow commenced a suit in the district court for Ramsey county, against the plaintiff, to foreclose the mortgage, the summons in which suit was served on her before the fifteenth day of October, 1870, and she then in fact had personal knowledge of the suit. She made default, and on the fourteenth day of January, 1871, in due course of proceeding, the usual decree of sale was made. By virtue of that decree the mortgaged premises were, on March 9, 1871, sold to Bigelow. March 11, 1871, the sale was confirmed, and March 23, 1872, no redemption having been made, a formal decree was entered vesting the title of the premises in Bigelow. The plaintiff had fully paid the bond in 1856.

The present action was commenced on December 8, 1875, and on the ground of such alleged payment the plaintiff asks that the foreclosure judgment be opened and she admitted to defend, and that on a final hearing the judgment be vacated, the mortgage declared void, and plaintiff's' title to the mortgaged premises established.

Upon this state of facts the case is one in which a defendant laboring under no disability, and having a defence to an action against her, existing and known to her at the commencement of such action, has by her own sheer neglect failed to interpose it. From the consequences of such neglect equity will not relieve, even though, as is insisted in this case, (and no other title to relief is insisted upon,) such consequences are a legal fraud upon the defendant. *Vigilantibus et non dormientibus jura subserviunt.*

Judgment affirmed.