D. A. SHUFELDT ET AL., APPELLEES, V. M. E. GANDY, APPELLANT.

[FILED FEBRUARY 17, 1892.]

1. Judgments: SETTING ASIDE IN EQUITY. The jurisdiction of courts of equity to set aside judgments at law will be exercised only when it appears that the judgment complained of is unconscionable, and when the party applying had no opportunity to make defense, or was prevented from so doing by accident or the fraud of the opposing party.

2. ———: ———: LACHES. Equity will not interfere to relieve a party who, being under no disability, has failed to make his defense at law on account of his own negligence.

3. ———: ———: FRAUD which is available as a ground for avoiding a judgment by a court of equity, must have intervened in the action or proceeding in which the judgment was obtained. Fraud in an antecedent transaction not connected with the judgment is not of itself sufficient.

4. ———: ———: EVIDENCE examined, and *held*, not sufficient to entitle plaintiff to relief against certain judgments rendered against them by confession.

APPEAL from the district court for Richardson county. Heard below before BROADY, J.

*E. W. Thomas*, for appellant, cited: Freeman, Judgments, sec. 547, 557; *Caley v. Morgan*, 114 Ind., 350, 355; *Weigley v. Matron*, 125 Ill., 64; 1 High, Injunction, secs. 2, 113, 127, 130; 2 Story, Eq. Jur., secs. 875, 1574; *Carrington v. Holabird*, 17 Conn., 530, 539; *Ramseur v. Brownell*, 12 S. W. Rep. [Ark.], 200; *Mason v. Williams*, 5 Am. Dec. [Va.], 505.

*F. Martin, contra.*

POST, J.

It was held on a former appeal in this case that the petition did not state facts which would entitle the plaintiffs

to relief in equity against the judgments complained of. (See 25 Neb., 602.) An amended petition was subsequently filed and a second trial had, and defendant again appeals.

We deem it unnecessary to notice the first question argued, namely, the sufficiency of the amended petition, since in our judgment there is a failure of proof and defendant is entitled to judgment on that ground.

On the 11th day of October, 1887, B. F. Berry, a justice of the peace for Richardson county, entered four separate judgments against the plaintiffs by confession in favor of defendant. Said judgments were rendered on the four joint and several notes of plaintiffs, executed in favor of defendant, dated October 10, 1887, and by their terms due one day after date. Plaintiffs contend that said notes were without any consideration whatever, and that the entering of said judgments was procured by means of the fraud and conspiracy of defendant's husband and agent and the said justice of the peace. It will serve no useful purpose to discuss in this connection the question of the consideration of the notes. The testimony of the witnesses upon that point is conflicting, and a finding in plaintiffs' favor, it is assumed, might be sustained, although a finding for defendant would be quite as consistent with all the evidence. The evidence, however, is clearly insufficient to warrant a court of equity in restraining the enforcement of a judgment at law. Upon that branch of the case the finding for plaintiffs cannot be sustained.

The facts, briefly stated, are these: On the day in question the parties met at the office of Dr. Gandy, defendant's husband, for settlement. Defendant then held two notes of plaintiffs, each bearing date of January 27, 1887, amounting in the aggregate to $682, and each bearing interest at ten per cent from date. Dr. Gandy, acting for defendant, insisted that there was due from plaintiffs, including interest on the two notes and other items not nec-

6

essary to mention here, the sum of $788. Plaintiffs. asserted that their indebtedness did not amount to the sum named, and insisted upon a second and third calculation, which was made by Dr. Gandy. They finally referred the question of the amount to Mr. Berry, the justice of the peace, who made a calculation with the same result. They then signed the notes in controversy, which were called by all the parties judgment notes, and all bearing the date of the day previous. Mr. Berry then, while plaintiffs were waiting, and in their presence, made four entries in his docket, of which the following is a copy, the formal entry of the judgment being made subsequently by him in his office:

" Before B. F. Berry, a Justice of the Peace within and for Humboldt Precinct, in Richardson County, Nebraska.

"M. E. GANDY, Plaintiff, ⎫
    *v.*   ⎬
D. A. SHUFELDT AND M. ⎮
 J. BUSH, Defendants. ⎭

" Plaintiff says there is due from the defendants D. A. Shufeldt and Mary J. Bush the sum of $197 on a note of which the following is a copy:

" '$197.    HUMBOLDT, NEBR., Oct. 10, 1887.

" ' One day after date I promise to pay to M. E. Gandy, or bearer, one hundred and ninety-seven dollars, with 10 per cent interest from date until paid.

   " ' (Signed)    D. A. SHUFELDT.
           " ' M. J. BUSH.'

" The parties appear, and the defendants D. A. Shufeldt and Mary J. Bush waived process and entered their appearance in the cause and say that they are indebted to the plaintiff upon said promissory note in the sum of one hundred and ninety-seven dollars, and ask to have judgment rendered against them therefor.

 " Done at Humboldt, Nebraska, this October 11, 1887.
   " (Signed)    D. A. SHUFELDT.
           "M. J. BUSH."

The foregoing statement and request for judgment was signed by both plaintiffs upon the docket of the justice in each case.    Plaintiffs charge and testify that they did not know that Mr. Berry was a justice of the peace and that they thought they were merely signing copies of the notes in one of Dr. Gandy's books, and did not understand that judgments were being entered against them.   In this they are contradicted by Dr. Gandy and his daughter, who were present during all the transaction, and also by the justice of the peace.    The latter is a disinterested witness and certainly displays no partiality for defendant in his testimony.    He testifies positively that Shufeldt came to his office and requested him to go over to Dr. Gandy's to take a confession of judgment.    He says:

Q.  How did you come to go over to Dr. Gandy's office at that time?

A.  By the request of D. A. Shufeldt.

Q.  What did he say?

A.  He wished me to go over to take a confession of judgment in favor of Dr. Gandy—I am using my own language.   I don't remember just what he said—against him and Mrs. Bush.

Q.  In favor of whom?

A.  Of M. E. Gandy.

Q.  M. E. Gandy is the wife of Dr. Gandy?

A.  Yes; making the excuse that there was a crowd in the office, he didn't want to bring his wife up in the office.

Q.  Was she his wife then?

A.  Mrs. Bush, she is his wife now.

Again he is asked:

Q.  Do you know whether Shufeldt knew you were a justice of the peace.

A.   I think he did, we had been acquainted five or six years and he had been in my office repeatedly, and I had his note with Mrs. Bush's husband as surety in the office; they renewed it at one time.

Plaintiffs further charge and testify that they are illiterate and possess no knowledge whatever of business or business methods, yet from the testimony of Shufeldt, the principal on said notes, it appears that he keeps a book, and in this action claims on a book account. We think the claim of illiteracy is not sustained by the proofs.

Courts of equity will not interfere with or set aside judgments at law upon such doubtful and unsubstantial grounds. We are satisfied that the confession of the judgments was the deliberate and voluntary act of the plaintiffs, who were at the time fully advised as to their rights in the premises. The rule is well settled that the party seeking relief in equity from a judgment at law must show clearly that the judgment complained of is the result of fraud, accident, or mistake, and not of his own negligence. (Freeman on Judgments, 502, 503, 506; Black on Judgments, 366, 378.) And the fraud which is available as a ground for avoiding a judgment by a court of equity is something which intervenes in the proceeding by which the judgment is obtained and must have occurred in the procuring of the judgment. Fraud iL an antecedent transaction not connected with the judgment, such, for instance, as false representations in the procuring of a note which is the subject, the action is not sufficient. (Black on Judgments, 370.) As said by Judge Cooley in *Miller v. Morse,* 23 Mich, 368: "Equity will never interfere where a party under no disability neglects to make his defense at law." The judgment of the district court is reversed and the petition dismissed.

REVERSED AND DISMISSED.

THE other judges concur.