Langley v. Ashe.

JAMES LANGLEY V. BERNARD ASHE ET AL.

FILED OCTOBER 17, 1893.    No. 4804.

**Injunction to Prevent Execution of Judgment: PLEADING.** A petition in equity to enjoin the enforcement of a judgment of a justice of the peace, which does not aver facts from which it appears (1) that the plaintiff has a meritorious defense to the cause of action on which the judgment is based, and (2) that his failure to interpose such defense in the justice court, and to avail himself of an appeal or proceeding in error, was not due to any neglect or default on his part, does not state a cause of action.

ERROR from the district court of Colfax county. Tried below before POST, J.

*J. A. Grimison*, for plaintiff in error.

*George H. Thomas*, contra, cited: 1 High, Injunctions [2d ed.], secs. 125, 126, and cases cited; 7 Lawson, Rights, Rem. & Pr., 3702, and cases cited; *Scofield v. State National Bank of Lincoln*, 9 Neb., 316; *Young v. Morgan*, 9 Neb., 169.

RAGAN, C.

Bernard Ashe sued Charles Cooper and James Langley before a justice of the peace in Colfax county, on a promissory note. The summons was made returnable January 23, 1889, and was duly served. On January 21 Ashe and Cooper appeared before the justice and he, by their consent, continued the case until March 1, 1889. Langley made no appearance whatever in the case, and had no knowledge of this continuance. On March 1, 1889, the justice rendered judgment against Cooper and Langley on said note. April 18, 1889, an execution was issued and placed in the hands of the sheriff, who levied upon a span of horses belonging to Langley, to satisfy the judgment. Langley then brought this suit in the district court against Ashe, the judgment creditor, Bohman, the justice of the peace, and Kuderna, the sheriff, alleging the facts above stated; that said judgment of said justice was null and void as against him, Langley; and that he had a good defense to said action before said justice of the peace. To this petition the defendant in error filed a general demurrer, which was sustained by the court, and the suit dismissed. Langley excepted, and brings the case here on error.

The only question in the case is, does the petition state sufficient facts to constitute a cause of action? The contention of the plaintiff in error is, that as the summons was returnable January 23, 1889, the order of the justice of the peace, on January 21, 1889, adjourning the cause to a future date was a nullity; that the justice of the peace had no jurisdiction at that time to make any order in the case; and that, therefore, the judgment rendered on March 1, 1889 is void. The summons was in all respects in due form of law; was duly served on Langley, and notified him to appear before the justice of the peace on January 23; and if he failed to do so, that judgment would be rendered against him for $——. He failed to appear then or at any other time.

Did the adjournment of the case, on the request of Ashe and Cooper, to March 1, render the judgment against Langley void? We think not. The justice had jurisdiction of the subject-matter and of Langley on January 23. He did not lose it by failing to enter his default and render judgment against him on that day. His continuance of the case until March 1 was good against Ashe and Cooper, and was, at most, an error of law, voidable only as against Langley. Had Langley appeared on the 23d and demanded a hearing, he was entitled to it; but he did not appear, and the fact that the justice postponed the writing up, or entry, of the judgment until the date to which the cause was set for trial against the other parties to the suit, did not divest the justice of his jurisdiction, either of the subject-matter or of Langley, nor render the judgment absolutely void. The justice should have defaulted Langley on January 23, and rendered judgment against him then; but his failure to do so, at the most, rendered his acts voidable. Langley had a plain and adequate remedy at law for the review and reversal, if erroneous, of this judgment, both by appeal and proceeding in error to the district court; and, until he had exhausted his legal remedies, or, without his fault been deprived of them, he cannot be heard in a court of equity. So far as the record shows, he made no effort to defend himself before the justice. He took no steps to review in law courts the errors alleged. In other words, he has slighted the tribunals and remedies provided by law for him, and now says to allow the judgment to be enforced would be contrary to equity and good conscience. Let us see what he says about the defense he has to the note sued before the justice: "The plaintiff further alleges that he had a good and lawful defense in said action before said justice of the peace in this, to-wit: That he would then have alleged, and does now allege, that he did not sign the promissory note sued upon in said action." This will not do. The question is not

what he would have alleged before the justice of the peace, but what were the facts.    This averment would not entitle him to equitable relief from the judgment had it been rendered against him without any service upon him whatever.  (*Janes v. Howell*, 37 Neb., 320.)  If he did not sign this note, why did he not appear before the justice on January 23, and say so?   If he was prevented from making his defense, if he had one, by accident, surprise, mistake, or fraud, his petition should so state.  (*Scofield v. State National Bank*, 9 Neb., 316.)   The facts stated in the petition do not constitute a cause of action.   The judgment of the district court is

AFFIRMED.