GEORGE W. LOSEY, SHERIFF, v. FRANK NEIDIG.

FILED JUNE 16, 1897. No. 7355.

52 167
53 55
53 452

Judgment: ENFORCEMENT: INJUNCTION. A party cannot have relief in equity against the enforcement of a law judgment, unless he has matter of defense which was not available in the law action, or had a good defense at law which by fraud or accident, without negligence on his part, he did not present in the law action.

ERROR from the district court of Madison county. Tried below before JACKSON, J. *Reversed.*

*Campbell & Wallis,* for plaintiff in error.

*Robertson & Wigton, contra.*

HARRISON, J.

On November 14, 1892, the defendant in error commenced this action in the district court of Madison county against George W. Losey, then the sheriff of said county, and the National Bank of St. Joseph, Missouri, the object and purpose of the suit being to restrain by injunction the enforcement by levy of execution then in the hands of the sheriff on the property of defendant in error, of the judgment in favor of the bank and against William Neidig, C. Neidig, Frank Neidig (defendant in error), and certain other parties constituting a partnership, doing

business in St. Joseph under the name and style of I. Weil & Co. A temporary injunction was granted, which, after issues joined and trial thereof, was made perpetual. No service of summons was had on the bank, and the action proceeded to decree against the sheriff, in whose behalf error proceedings have been prosecuted to this court. The petition filed was as follows:

"The plaintiff complains of the defendants and as cause therefor states that the defendant George W. Losey is sheriff of Madison county, Nebraska, duly elected and qualified and acting as such; that on the 6th day of August, 1887, the said defendant, the National Bank of St. Joseph, Missouri, commenced an action in this court against one William Neidig, C. Neidig, Frank Neidig, hereinafter named, Isaac Weil, Isadore Weil, and Adolphus Steinacher; the last three named being partners, doing business at St. Joseph, Missouri, in the name of I. Weil & Co., and not incorporated.

"2. Said defendant, by its petition filed in said action, sought to recover judgment against several persons above named, who were defendants in said action upon a certain promissory note purporting to have been executed at Madison, Nebraska, on the 15th day of March, 1886, for $323.15, due ninety days after date, payable to the order of said I. Weil & Co., and bearing interest at the rate of ten per cent per annum from date until paid, and purporting to be signed by William Neidig, C. Neidig, and Frank Neidig. And on the same day a summons was issued in said cause and on the 15th day of August, 1887, a copy of said summons was erroneously and by mistake of the sheriff delivered to this plaintiff in said Madison county, Nebraska.

"3. Plaintiff further says that this plaintiff did not execute or sign the promissory note sued upon in said action, but that the name Frank Neidig, signed to said note as one of the makers thereof, is the signature of another person, and not the signature of this plaintiff, the real name of said other person being Frank Neidig, and he

having resided at said Madison, Nebraska, at the time of the execution of the said promissory note. The said Frank Neidig was the real defendant in said action, and the one on whom the plaintiff therein intended summons to be served.

"4. Plaintiff further says that immediately after the delivery of the copy of the summons to this plaintiff, and prior to the 5th day of September, 1887, this plaintiff saw C. Neidig, whose name appears signed to said note as one of the makers of said note, and for whose sole use and benefit said note was made; and this plaintiff at that time advised said C. Neidig that a copy of said summons had been left with this plaintiff in said case, and that a mistake had been made, as this plaintiff was not the Frank Neidig who executed said note. And thereupon said C. Neidig said to this affiant that he, the said C. Neidig, would settle said lawsuit with plaintiff therein, the National Bank of St. Joseph, Missouri, and that this plaintiff need give the matter no attention, as arrangements for the settlement of said case had been fully completed and no judgment would be entered therein.

"5. Plaintiff, relying upon the statements and representations of C. Neidig, and believing the same to be true, and believing that said matter had been, or would be, fully settled and adjusted, gave said matter no further attention, and did not file an answer in said case and did not appear in any manner whatever.

"6. Plaintiff further says that afterwards, and on the 20th day of September, 1887, no appearance having been made in said district court in said case, judgment was entered therein against C. Neidig and Frank Neidig, by default, for the amount then due upon said note; that the same day a motion was filed in said case by Messrs. Allen & Robinson, attorneys of this court, purporting to appear in said case for the several defendants therein, and seeking to set aside the default and vacate judgment therein entered, which motion coming on to be heard, was on the same day, by the consideration of the court,

sustained and the judgment vacated, and defendants given sixty days to answer and plaintiff ten days thereafter to reply. And afterward, and on the 28th day of November, 1887, by the consideration of said court in said case, judgment was entered against defendants William Neidig, C. Neidig, and Frank Neidig, by default, for the sum of $380.60, and costs taxed at $6.18.

"7. And this plaintiff avers and charges the fact to be that he had no knowledge of the rendition of said judgment on the 28th day of November, 1887, and no knowledge of the filing of said motion on behalf of the several defendants, and said appearance was wholly without the knowledge or consent of this plaintiff in any manner whatever, and this plaintiff never authorized any one to appear for him in said action; nor did this plaintiff have any knowledge of any of the several proceedings had in the court in the said case hereinbefore referred to, except the delivery of the copy of the summons to this plaintiff as hereinbefore recited; nor the rendition of final judgment in said case on the said 28th day of November, 1887, until long after the final adjournment of the court at which such proceedings were had and said final judgment rendered. Plaintiff further says that by reason of the aforesaid statements and representations of the said C. Neidig at the time of leaving of the copy of said summons with plaintiff in said case, and prior to the time within which the answer was required to be filed in said case, this plaintiff was prevented from making known to the court the facts as above alleged, which he otherwise would have done.

"9. Plaintiff says that the defendant, the National Bank of St. Joseph, Missouri, had been, before the commencement of the aforesaid action, repeatedly notified that the note sued upon in the aforesaid action was not signed by this plaintiff, but by another person bearing the same name, and they have at all times known that to be the fact, and when the officer left the copy of the summons with this plaintiff in the aforesaid action he in-

formed said officer then and there that he was not the person upon whom service should be made, and that he was not indebted to the National Bank of St. Joseph, Missouri, in any sum of money whatever, and the said plaintiff in the aforesaid action, well knowing these facts and that this plaintiff was not a defendant in said action, and knowing that in equity and good conscience the judgment should not be enforced against this plaintiff, has never attempted to enforce the collection thereof from this plaintiff.

"10. On the 25th day of October, 1892, an execution was issued out of the office of the clerk of the district court of Madison county, Nebraska, in the above entitled action, in favor of the National Bank of St. Joseph, Missouri, and against William Neidig, C. Neidig, Frank Neidig, Isaac Weil, and Isadore and Adolphus Steinacker, which was placed in the hands of the sheriff, defendant herein, who now holds the same and threatens to, and will, if not restrained by the order of this court, levy upon the property of this plaintiff to satisfy the same; that this plaintiff has been at all times since the date of the giving of the note aforesaid the owner of a large amount of property in Madison county, both real and personal, out of either of which the aforesaid judgment could have been made, but, as before stated, the said defendant, the National Bank of St. Joseph, Missouri, knowing all the facts aforesaid, have never attempted to compel this plaintiff to pay the same, but the sheriff, believing this plaintiff to be one of the real defendants in said action, is about to do so."

It is argued that the petition does not contain statements of facts sufficient to constitute a cause of action; also that the evidence was insufficient to sustain the findings and decree of the court. The evidence as to all the material points in issue, especially as to whether the defendant in error had signed the promissory note on which judgment had been obtained against him in a law action, was conflicting, from which it

appears that there would probably have been a contest on these questions of fact had they been presented as a defense in the suit at law on the note; from which it follows that to try the issues in this equity action was trying the matters which should have been offered for settlement and adjudicated in the suit on the note. Both petition and evidence establish that an action was commenced on a promissory note, in a court of law of competent jurisdiction, and its process or summons was duly served on all the parties defendant, including the defendant in error, who was made a party defendant in the suit and who apparently had signed the instrument in suit. The court thus obtained jurisdiction of the subject-matter and of the persons of the defendants. The defendant in error in the case at bar had a defense to the law action which, if established, would have entitled him to relief in that action, and the remedy there would have been adequate and full. It also clearly appears that he failed to avail himself of his defense in the law action, but allowed it to proceed to judgment against him through his own negligence or want of attention, and not because of wrongful, fraudulent, or acts of any nature of the plaintiff in the suit. Under such circumstances the defendant in error was not entitled to equitable relief, was not entitled to an injunction to restrain the enforcement of the judgment in the action at law, having a defense which he failed to make in the suit on the note through his own neglect or default, and not because of any wrong or fraud on the part of the plaintiff. In such case equity could afford him no relief. (*Langley v. Ashe*, 38 Neb., 53; *Janes v. Howell*, 37 Neb., 320; *Scofield v. State Bank of Lincoln*, 9 Neb., 316; *Pope v. Hooper*, 6 Neb., 178.) "To entitle the defendant to relief he must have an equitable defense which is not available at law, or a good defense at law which, by reason of fraud or accident, without any negligence on his part, he was prevented from using." (10 Am. & Eng. Ency. of Law, 792, and see authorities in support of the rule cited in note. See, also, *Erickson v. First*

*Nat. Bank of Oakland,* 44 Neb., 622.) "The extraordinary remedy of injunction cannot be employed * * * to enjoin the enforcement of a judgment where the rights of the parties complaining might have been protected in the original action." (*Howard v. Eddy,* 43 Pac. Rep. [Kan.], 1133.) The decree of the district court was erroneous; hence it must be reversed and the cause remanded.

REVERSED AND REMANDED.