MARY JANE CLELAND, APPELLANT, V. HAMILTON LOAN & TRUST COMPANY, APPELLEE, ET AL.

FILED MAY 4, 1898.    No. 8023.

1. **Vacating Judgment: DEFENSE TO ACTION.** A party seeking relief in equity from a judgment taken against him by default must exhibit a defense to the action, and also show that the rendition of such judgment was not due to his failure to take such proper steps for his own protection as an adequate foresight of consequences would naturally suggest.

2. ——: ——: **LACHES.** A judgment will not be set aside on the application of a party who has by his own laches failed to avail himself of an opportunity to defend.

APPEAL from the district court of Adams county. Heard below before BEALL, J. *Affirmed.*

*B. F. Smith* and *W. P. McCreary*, for appellant.

*Wharton & Baird* and *M. A. Hartigan*, contra.

SULLIVAN, J.

Mary J. Cleland and Isaac G. S. Cleland are husband and wife and for some years prior to the commencement of this action occupied the real estate here in controversy as a family homestead, the title thereto being in Mrs. Cleland. In 1889 Cleland borrowed from the Hamilton Loan & Trust Company $6,500, giving as security therefor two mortgages on this property, executed by himself and purporting to have been signed and acknowledged by his wife. The money thus obtained was intended to be used, and in fact was used, in paying off mortgages on the premises then existing and of unquestioned validity. Afterwards the loan and trust company

brought an action in the district court of Adams county to foreclose one of said mortgages and caused a summons to be issued and personally served on Mrs. Cleland. She, however, made no appearance in the case and judgment was rendered against her by default on December 16, 1890. In execution of the decree of foreclosure the premises were subsequently offered for sale and sold to the Hamilton Loan & Trust Company, and at the November, 1892, term of the court the sale was confirmed and a writ of possession ordered to be issued in favor of the purchaser. Such process was thereupon issued, and, to prevent its enforcement and to secure a vacation of the order of confirmation and decree of foreclosure, Mrs. Cleland commenced this action in the district court, alleging in her petition that she never signed or acknowledged a mortgage to the Hamilton Loan & Trust Company, and that when served with summons in the original case she supposed the writ was issued in a suit to foreclose a mortgage previously given by her to one Deitz and to which she had no defense. There was a trial of the issues, resulting in a general finding and judgment in favor of the loan and trust company, and Mrs. Cleland brings the cause to this court by appeal.

We entirely agree with appellant that her signature to the mortgage in question was forged and that the notarial certificate of her acknowledgment was false. These facts are indisputably established by the proof. Nevertheless, the decree of the district court is right and must be affirmed. It is an inflexible rule that a party seeking relief in equity from a judgment taken against him by default must exhibit a defense to the action and also show that such judgment is the result of fraud, accident, or mistake, unmixed with fault or negligence on his part. A judgment will not be set aside on the application of a party who has, by his own laches, failed to avail himself of an opportunity to defend. This salutary rule rests on principle and authority, and its rigid enforcement is necessary for the repose of society, by

preventing litigation from becoming interminable. (*Duncan v. Lyon*, 3 Johns. Ch. [N. Y.] 351; *Center Township v. Marion County*, 110 Ind. 579; *Bankers Life Ins. Co. v. Robbins*, 53 Neb. 44; *Funk v. Kansas Mfg. Co.*, 53 Neb. 450; *Sargeant v. Bigelow*, 24 Minn. 370; *Langley v. Ashe*, 38 Neb. 53; *Norwegian Plow Co. v. Bollman*, 47 Neb. 186; *Pope v. Hooper*, 6 Neb. 178.) In the last mentioned case the rule is stated in the syllabus as follows: "In an original action in equity to vacate a judgment or decree, if the ground of complaint is not the result of fraud on the part of the plaintiff, or some circumstance beyond the control of the defendant, but is occasioned by the fault, negligence, or want of ordinary diligence on the part of the defendant, he will not be permitted to deny the correctness of the judgment or decree, or renew the controversy."

But appellant contends that she was justified in assuming that the action in which she was served with summons was brought to foreclose the Deitz mortgage and that, therefore, she was not negligent in failing to appear and defend. The case of *Young v. Morgan*, 9 Neb. 169, is instanced in support of this contention, but we do not think it is in point. In that case it appears that Mrs. Young had signed a note in favor of the plaintiffs in the action, and when sued she refrained from making a defense, having good reason to believe that her genuine obligation was the basis of the suit. In the language of MAXWELL, J., delivering judgment, "The plaintiff had the right to presume that the note with her genuine signature was the one upon which the suit was instituted, and it was not necessary to suppose that the crime of forgery had been committed by affixing her name to notes of which she had no knowledge." Besides, in that case it was alleged in the petition and admitted by the demurrer that the plaintiffs knew when the judgment was taken that the notes in suit were mere forgeries. In the case at bar it seems that the Hamilton Loan & Trust Company had no knowledge prior to the

commencement of this action that Mrs. Cleland's signature to their mortgage was not genuine. When the summons was served on her she read it and knew by whom she had been sued. She had no right to assume that the Hamilton Loan & Trust Company had brought an action against her to foreclose the Deitz mortgage. To act on that assumption and fail to take any steps, or make any inquiry, to ascertain the nature of the action was an exhibition of indifference to her own interests clearly amounting to negligence. The judgment of the district court is technically correct, it does substantial justice between the parties, and is

AFFIRMED.

RAGAN, C., not sitting.