CITY OF BROKEN BOW ET AL., APPELLEES, V. BROKEN
BOW WATER-WORKS COMPANY ET AL., IMPLEADED
WITH CHARLES W. YOUNG, APPELLANT.

FILED JANUARY 19, 1899. No. 8631.

1. **Judgment**: ENFORCEMENT: INJUNCTION. To justify an injunction
to restrain the enforcement of a judgment it is not sufficient to
show that the judgment debtor had a valid defense. It must
be shown that he was prevented from interposing it by fraud,
mistake, or accident, and without fault on his part.

2. ———: ———: ———. The fact that the judgment debtor, without
fraud or concealment as to the facts, mistook the law and so suf-
fered judgment, does not constitute a mistake which entitles him
to relief.

3. **Municipal Corporations**: CONTRACTS WITH CORPORATIONS: CITY
OFFICERS AS STOCKHOLDERS. The fact that the mayor and a
member of the council of a city may, as having been subscribers
to the stock of a corporation, become liable for an unpaid sub-
scription if such corporation should some time become insolvent
and other contingencies happen, does not of itself avoid a con-
tract between the city and the corporation, in making which
they participated as municipal officers, they being no longer
stockholders.

4. **Judgment**: ENFORCEMENT: INJUNCTION. Pleadings and proof *held*
insufficient to warrant an injunction to restrain the enforcement
of judgments.

APPEAL from the district court of Custer county.
Heard below before GREENE, J. *Reversed.*

*Harry E. O'Neill, O'Neill & Gilbert, Alpha Morgan,* and
*A. M. Post,* for appellant.

*Taylor Flick* and *Kirkpatrick Bros., contra.*

IRVINE, C.

This was an action by the city of Broken Bow, with
which joined a citizen and taxpayer, against the Broken
Bow Water-Works Company and others to enjoin the de-
fendants from enforcing three certain judgments re-
covered by the water-works company against the city.

The defense was made by Charles W. Young, claiming to be the owner by assignment of two·of the judgments and a greater part of the third. The plaintiffs had a decree as prayed, and the defendant Young appeals.

The city of Broken Bow in 1888 granted by ordinance to the water-works company a franchise for the construction and operation of water-works for the city. The ordinance provided for a certain number of fire hydrants and for increasing the number as the mains should be extended. It also fixed the rate to be paid as hydrant rentals and provided for the levy of taxes to the amount of seven mills to· create a fund for the payment of such hydrant rentals. It happened that the sum realized by the levy proved insufficient to create a fund large enough to pay the company the stipulated rate per hydrant, and by the year 1892 the deficit amounted to over $4,000. An amicable suit was then begun by the company for the amount of the supposed deficiency. The city answered, confessing liability, and judgment was entered. In 1893 and in 1894, other deficiencies having arisen, judgments were again suffered. It seems that this course was taken under an agreement that the company, instead of enforcing the judgments immediately, would look for payment in annual installments. These are the judgments which are attacked.

The petition did not state a cause of action. It set out the ordinance in full, alleged the levy of a seven mills tax each year and the payment of the proceeds thereof to the company, and then proceeded: "Notwithstanding the fact last recited the defendant water-works company, on the —— day of ——, 1892, conceived the idea that the said city was obligated by said ordinance to pay the said water-works company a large sum of money annually, over and above the amount raised by the seven mills therein stipulated; and thereupon and thereafter, by threatening to bring suit for such sums, induced the principal plaintiff to confess judgments for such annual excesses in sums as follows: [reciting them]. On which

judgments the city has paid $1,000, the record of which appears on said judgment records (book 3, page 263). That said judgments, with the accrued interest thereon, now amount to the sum of $8,685.78, all of which plaintiffs aver is in excess of the limit stipulated in said ordinance, and is also in excess of the amount that said city could lawfully contract to pay for water service. Moreover, they were confessed by mistake, for the principal plaintiff was not then, and is not now, indebted to the principal defendant in any sum of money." There were no other averments tending to impeach the judgments. It is an equitable truism that a judgment at law will not be set aside or its enforcement restrained because of the existence of a defense which might have been made against the rendition of the judgment, unless the plaintiff shows that he was not in fault in failing to interpose such defense in the original case. He must show that the judgment was procured by fraud, through mistake, or because of some accident which prevented him, without fault of his own, from interposing the defense at the proper time. We have here only two averments which could have been intended to supply this essential part of the plaintiff's case. One is that the company conceived the idea that it was entitled to the money and threatened suit if it was not paid, and so induced the confession of judgment. It is the first time we have heard that one conceiving money to be justly due him is guilty of fraud or any other sin in seeking payment, or in threatening to resort to the remedy afforded by law for that purpose. There is no allegation that any facts were misrepresented, or that the company did other than to threaten suit to recover a demand it deemed just. The other allegation is that the judgments were suffered by mistake, but the mistake is specified to be that the defendant city was not liable. It seems that the mistake by the city was one of law, for there is no averment that the facts were not by it known. Further comment on the petition would be useless.

In the reply there are other averments. It is urged by appellants that a petition cannot be helped out by averments in the reply. We assume, without deciding, that the two pleadings may be taken together; still the judgment of the district court was wrong. The first charge in the reply is that the city attorney, at the time of the first judgment, was at the same time attorney for the water-works company; that he, falsely pretending to act in the interest of the city, induced the mayor and council to authorize him to confess judgment, and then gave the record the appearance of an adversary proceeding. The evidence wholly fails to show that the attorney named was the attorney of the water-works company. There is not a particle of evidence which would warrant a finding that he was. It is true that it developed that he filed both the petition and the answer in the first case, and that he signed the names of other attorneys to the petition. But it was shown that these other attorneys were in fact employed to bring the suit; that they lived at a distance; that they dictated the petition, and the city attorney, as an accommodation to them, signed their names to it and caused it to be filed. This was not improper in view of the fact that the proceeding was amicable, as a result of an agreement, and that the mayor and council had authorized the city attorney to confess judgment. There is neither allegation nor proof of any false representation or any influence brought to bear by the attorney to induce the action of the mayor and council.

It is next alleged that when the first judgment was confessed the mayor and two members of the council were stockholders in the company. The proof fails to so show. It shows that the mayor and one member of the council were stockholders in the company at one time, but that they had parted with their stock long prior to the time in question. It is suggested that the liability resting upon original subscribers of stock by reason of section 4, article 11, of the constitution (Miscellaneous Corporations) was sufficient to disqualify the persons

named from acting for the city. This argument assumes that an interest involved behind several contingencies would operate in itself as a disqualification. Assuming that the constitutional liability still rested upon them for unpaid subscriptions, it would only be operative in the event of insolvency, and then only after the exhaustion of corporate assets. Few municipal acts would be valid if the mere participation therein of one who at the end of such a chain of contingencies might acquire a personal interest would be sufficient to avoid them.

The only ground of relief asserted against the judgments of 1893 and 1894 is that they were brought about by the mischievous precedent established by the first. The record shows nothing whatever, except that city officials, to compromise a doubtful claim, or one that they considered doubtful if not conclusively good against the city, authorized the confession of judgments, under a special agreement for their gradual payment. Subsequent officials and a taxpayer, after some years, conceived that the city might have successfully resisted the enforcement of the claims, and so brought this suit to avoid the judgments, without tangible ground other than the invalidity of the original cause of action. The case is wholly without merit. The finding of the district court that the judgments were procured by fraud is not sustained by the evidence.

REVERSED AND DISMISSED.