MELVIN T. ROWLAND, APPELLANT, V. WILFORD STANDIFORD, RECEIVER, ET AL., APPELLEES.

FILED FEBRUARY 8, 1907.   No. 14,662.

Judgment: EQUITY: INJUNCTION.  Equity will not enjoin the collection of a judgment at law, in which the defendant has been served by legal process, unless it be made to clearly and conclusively appear that the default of the defendant was without fault or negligence on the part of the one complaining, and that a valid and legal defense exists against the judgment rendered in the law action.

APPEAL from the district court for Merrick county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*John C. Martin,* for appellant.

*Patterson & Patterson, contra.*

OLDHAM, C.

This was an action instituted in the district court for Merrick county, Nebraska, for the purpose of enjoining the collection of a judgment, which had been transcribed from the county court of Boyd county, Nebraska, to the district court for Merrick county, in an action in which

Wilford Standiford, receiver of the Farmers and Merchants Bank of Butte, Nebraska, was plaintiff, and the plaintiff in this cause of action was defendant. In substance the plaintiff's allegations are that the judgment was rendered in the county court of Boyd county without personal service upon him, and that the note on which the judgment was based was never signed and executed by him. On a trial of the issues the district court found no equity in the bill and dismissed plaintiff's petition. To reverse this judgment plaintiff has appealed to this court.

The facts underlying this controversy are: That the note on which the judgment was rendered in the county court of Boyd county appears to have been executed by the plaintiff to the Farmers and Merchants Bank of Butte, Nebraska, on the 20th day of January, 1899; that, subsequently, the bank failed, and the note passed into the hands of the receiver of the bank, who instituted suit thereon, and service of summons was had upon plaintiff by leaving a copy thereof at his usual place of abode in Boyd county. Judgment was rendered by the county court in July, 1900, and the judgment was later assigned to defendant Forbes, who purchased it at the receiver's sale. It appears from the testimony that the plaintiff had been a resident of Boyd county for a number of years preceding the suit, and owned a homestead in that county, which was occupied by his family at the time service of summons was had upon him; that in 1896 plaintiff went to Nome, Alaska, to engage in mining, but left his wife and family on the homestead; that in 1897 he returned to Boyd county and remained with his family until December of that year, when he went back to Alaska and remained there until November, 1900, when he again returned to his home in Boyd county, and shortly afterwards removed to Merrick county, where he now resides. While in Alaska plaintiff communicated with his family as often as the imperfect mail facilities between Boyd county and that place would permit. Plaintiff, however, says that he was never informed that any suit had been instituted

against him on the note in controversy. He further says that he had no knowledge whatever of any judgment having been rendered against him in Boyd county, until he was advised of that fact in 1903 by defendant Ross, who, as attorney for Forbes, notified him of such judgment and requested a settlement. In reply to the question, "I will ask you to state to the court if you ever signed a note for that amount, or of that description," plaintiff answered: "No; I never remember of signing a note for that amount. Q. Did you sign a note of that character or description at that time, at Boyd county, Nebraska? A. I have no recollection of ever signing any such note or of ever hearing from the bank regarding such a note. Q. Have you ever signed any such note? A. No, sir; not to my recollection." The witness, in his further testimony, says that he had signed a note for $100 at the bank before going to Alaska, and explained at length how he came to sign it. When notified through the mail by defendant Ross that he had the judgment in controversy for collection, plaintiff answered this notice in a letter to Mr. Ross, dated December 15, 1903, in which he says that the note on which the judgment was rendered was given to Samuel O. Sample, president of the Farmers and Merchants Bank of Butte, before the death of Mr. Sample and the failure of the bank. He then discussed in a caustic manner the conditions which caused the failure of the bank, the shock of which, he says, occasioned the death of Mr. Sample. The purport of the letter is that he would have paid any amount claimed, to have saved Mr. Sample, whom he described as "the soul of business honor," but that the judgment had passed into the hands of the parties who were responsible for the failure of the bank and the financial ruin of its president, and that, for that reason, he would only pay the amount actually received at the receiver's sale for the note, and 10 per cent. interest thereon. In this letter he also claimed that there was no service of summons upon him when the judgment was procured, and that he had no knowledge that judgment

had been rendered against him on the note. He also says that the amount due on the note, at the time of the failure of the bank, was not to exceed $140, if proper credits were allowed.

This is all the material testimony bearing on the issues, and from an examination of it we think it sufficient to establish the fact that plaintiff, although legally served with summons, had no actual knowledge of the proceedings in the county court of Boyd county, until informed by Mr. Ross of the judgment rendered against him. But we do not think the testimony sufficiently clear and conclusive to warrant us in finding that the judgment was rendered on a forged note. While the plaintiff says that he has no recollection of signing a note for the amount sued upon, yet his testimony on this point is too indefinite and evasive to overcome the presumption of the verity of the judgment, which he seeks to enjoin. We concede the contention of the appellant that equity can relieve from the collection of a judgment procured in a law action, where service has been legally had upon the defendant in such action; but, to warrant such relief, the evidence must be clear and convincing that the failure to defend in the law action was without the fault or negligence of the party complaining, and that a perfect and valid defense exists to the action. *Radzuweit v. Watkins,* 53 Neb. 412. Being of the opinion that the evidence in this case is insufficient to clearly and conclusively establish a good defense to the original action against the plaintiff in the county court of Boyd county, we think the finding of the district court that there is no equity in the bill is fully supported, and we therefore recommend that the judgment of the district court be affirmed.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

AFFIRMED.