ISABELLE E. CAMPBELL, APPELLANT, V. HARVARD STATE BANK, APPELLEE.

FILED JUNE 23, 1919.   No. 20595.

1. **Process:** RETURN: PRESUMPTION. Where the return of a sheriff recites that he served the summons, upon which the return is indorsed, the presumption is that he has done so, and the burden of proof is upon one seeking to impeach the same to establish the falsity of the return by clear and convincing proof.

2. **Judgment:** VACATION: EQUITY. Equity will not enjoin the collection of a judgment at law, in which the defendant has been served by legal process, unless it clearly and conclusively appears that the default of the defendant was without fault or negligence on the part of the person complaining, and that a valid and legal defense exists against the judgment rendered in the law action.

APPEAL from the district court for Clay county: RALPH D. BROWN, JUDGE. *Affirmed.*

*Ambrose C. Epperson,* for appellant.

*H. G. Wellensiek & P. E. Boslaugh, contra.*

LETTON, J.

Action in equity to set aside a decree of foreclosure, in so far as it affects plaintiff's marital rights in the land described in the mortgage and deficiency judgment, and to be permitted to defend upon the ground that no service of summons had ever been made upon her; that she was fraudulently induced to sign the mortgage and notes; and that she did not bind her separate estate. The court found for defendant and dismissed plaintiff's action.

In its answer defendant alleges personal service of summons upon the plaintiff; appearance in the action by her regularly employed attorneys; that plaintiff had full notice and knowledge of all the proceedings in the foreclosure case, and is therefore estopped from maintaining the action.

The presumptions are all in favor of the correctness of the return of the officer, and the burden of proof is upon one seeking to impeach the same to establish its falsity by clear and satisfactory evidence.

Has sufficient evidence been introduced by the plaintiff to impeach successfully the return of the summons made by the sheriff of Clay county? The return recites:

"I hereby certify that on the 24th day of January, 1917, I served the within writ of summons on the within-named John Campbell, Isàbelle E. Campbell, and Charles Campbell by handing to each of said defendants a true and certified copy of this writ with all indorsements thereon, all in Clay county, Nebraska.

"Paul G. Bonnifield, Sheriff."

Plaintiff testified that the sheriff came to the door of her home on January 24, 1917, asked for her husband, and said, "Here is a summons for John Campbell;" that she took it and put it on the clock shelf in the home; that he asked her where Charles Campbell and his mother lived, and she told him the locality of their home; that she was never served with summons and did not know she was a party to the action; that she never em-

ployed counsel, or authorized such employment, and had no notice or knowledge of the trial, of the sale of the property or the confirmation; that her husband was not served personally, and did not receive the summons until after he came home from Hastings. She also testified that, when she gave her husband the summons, she asked, ''Do you suppose they will bother me any?'' and he told her they would not, since she was not summoned; that she knew about her husband speaking to Corey & Stewart, attorneys, about the matter, but she did not know when the suit was tried.

John Campbell testifies he did not see the sheriff that day, and did not get the summons until he took it from the clock shelf; that he went to see Mr. Corey about it, but they wanted a $50 fee, and he did not have the money.

Charles Campbell testifies that he lived in another part of the town; that the sheriff handed him two copies of the summons, saying one was for him and one for his mother. His mother's name is Sarah Campbell. He produced two copies at the trial, one of which he said he had handed to his mother. He also testified that he never knew there was a lawsuit, and never spoke to his mother about it, but cast the summons aside. The mother testified that she remembers the sheriff coming to the home about January 24, 1917, with some papers at a time when she was sick in bed; that she saw the papers, but did not read them.

On the other hand, the sheriff testifies that he remembers serving the summons upon the plaintiff, Isabelle Campbell, but that he does not remember how he served John, whether personally or not. Afterwards he said he served it according to the return. He thought he served Sarah Campbell in another action, but was unable to remember in what case. He testified on cross-examination that he knew that Isabelle Campbell was the wife of John Campbell, and he knew that the mother was Sarah Campbell; that he had served several papers upon John Campbell; that he served this one in the fore-

Campbell v. Harvard State Bank.

noon; that he had 27 people to serve on the trip he made. Both plaintiff and Sarah Campbell were present in court, and he indentified plaintiff as the young lady he served.

An answer was filed in the foreclosure case by Corey & Stewart, purporting to be on behalf of all the defendants. One of the lawyers appeared on behalf of the defendants at the trial, and received notice of the motion for confirmation and for deficiency judgment. Mr. Stewart testified that he had several conversations with John Campbell about the case over the telephone, and that John Campbell had talked to him several times about representing both him and his wife; that when Campbell was told the fee would be $25, and asked if he wished a stay to be filed, he said he would go and see his wife about it, but witness never heard from them afterwards.

It is apparent that plaintiff and her husband had talked about this action both at the time when the summons was received and afterwards. The impression we draw from the evidence is that both believed they had no property subject to an execution, and hence concluded to pay no attention to the suit.

It is a general rule that a court of equity will not set aside a judgment rendered in a case where the party complaining had full notice and knowledge of the pendency of the suit and took no steps to protect his interest at that time. *Dorwart v. Troyer,* 2 Neb. (Unof.) 22; *Rowland v. Standiford,* 78 Neb. 343; *Losey v. Neidig,* 52 Neb. 167.

We are of the opinion that the evidence is insufficient to support the defenses pleaded, other than the plea that plaintiff did not intend to, and did not, bind her after-acquired property when she signed the notes. The proof is direct and undisputed that she had no such intent and signed no such agreement.

Considering all the facts, the judgment of the district court must be

AFFIRMED.

SEDGWICK, J., not sitting.