CHRIS STABEN, JR., APPELLEE, v. MAURICE MEHRENS, SHERIFF, ET AL., APPELLANTS.

FILED MARCH 2, 1932. No. 28093.

*W. A. Ehlers*, for appellants.

*Howell, Tunison & Joyner*, contra.

Heard before GOSS, C. J., EBERLY and PAINE, JJ., and BEGLEY and ELDRED, District Judges.

BEGLEY, District Judge.

This is an action in equity wherein the plaintiff, Chris Staben, Jr., filed a petition against the defendants, seeking to enjoin and restrain the enforcement and collection of a judgment entered on the 20th day of March, 1930,

in the county court of Washington county, Nebraska, for the sum of $427 and costs. The transcript of such judgment had been filed in the office of the clerk of the district court for Washington county, on which an execution had been issued and a levy made on certain lands belonging to the plaintiff herein and about to be sold thereunder.

The plaintiff alleged in his petition that the judgment was and is a nullity and void, in that said county court of Washington county, Nebraska, was without jurisdiction to enter any judgment, and had lost jurisdiction of said cause at the time said judgment was attempted to be rendered, and prayed that the judgment be decreed a nullity and void and the defendants enjoined from proceeding to execute such judgment. The district court found for the plaintiff and enjoined the enforcement of the judgment. A motion for a new trial was overruled, and defendants have appealed.

There is little dispute as to the evidence. On June 14, 1929, Robert Ross, as plaintiff, filed a petition in the county court of Washington county, praying judgment against Chris Staben, Jr., defendant, in the sum of $409.70. The summons was served upon Chris Staben, Jr., personally, and on July 30, 1929, defendant Staben, by his attorneys, O'Hanlon and O'Hanlon, of Blair, Nebraska, filed a motion to require the plaintiff to make the petition more definite and certain. No further action of any kind was taken or entered by the court until on the 20th day of March, 1930, when the county judge procured a confirmation from O'Hanlon and O'Hanlon over the telephone that they had withdrawn from the case, and thereupon, at the request of the plaintiff's attorney, overruled the motion of the defendant as being a dilatory motion and entered a default judgment against the defendant in the sum of $427.60, together with costs taxed at $9.65.

Two questions are presented for determination: (1) Did the county court lose jurisdiction of the case by permitting same to be continued for more than three terms be-

fore entering judgment therein? (2) Is the appellee herein entitled to an injunction to prevent the enforcement of the county court judgment, without first alleging and proving a meritorious defense to said cause of action?

Section 27-524, Comp. St. 1929, reads as follows: "The provisions of the Code of Civil Procedure relative to adjournment of causes before justices of the peace, shall apply to civil actions in the county court not cognizable before such justices, so far only as the causes for adjournment and the conditions to be imposed thereon are concerned, but the time for which the cause may be adjourned shall be regulated by the county judge in the exercise of a reasonable discretion: Provided, such action cannot be adjourned over more than three regular terms of said court, upon the application of either party, without the consent of the other."

Judge I. C. Eller, the county judge who entered the judgment in the case, testified that he held regular terms of his said court; that no order was entered continuing this case to the next regular term after July, 1929; that it was his understanding of the law and of the attorneys in the case that the filing of the motion by the defendant made a general appearance and waived any irregularities and held the case in abeyance until it was heard.

Mr. W. A. Ehlers, attorney for the defendants herein testified that he was the attorney of record for the plaintiff in the case; that the hearing on the motion of the defendant was continued from time to time by agreement of the attorneys until in February of 1930, when the then attorneys for the defendant dictated a letter in his presence, notifying the defendant that they were withdrawing as counsel and directed him to procure other counsel; that three or four days after that, Mr. Joyner, of the firm of Howell, Tunison & Joyner, called him and stated that they had been employed by defendant and, after various conversations about a compromise settlement, whereby the defendant claimed to have made a payment on the note in the sum of $100, asked and were given time to pro-

cure the receipt, and that the matter drifted along until the 19th of March, 1930, when Mr. Joyner stated that they would not defend further, and that the plaintiff was entitled to take judgment if he so wished, and he thereupon arranged for the county judge to have judgment entered in accordance therewith and to have the motion of O'Hanlon and O'Hanlon overruled; that, before entering the default judgment, the county judge called the firm of O'Hanlon and O'Hanlon and they notified him that they had withdrawn from the suit.

Mr. Joyner, one of the attorneys for the defendant, testified that he came to Blair and examined the record in the case, and that he afterward had a talk with Mr. Ehlers, wherein he told him that more than three terms of court had passed; and that the court had lost jurisdiction of the case; that any judgment he took would not be worth anything because the court no longer had jurisdiction of it.

It will be noted that by said section of the statute the time for which a cause may be adjourned shall be regulated by the county judge, in the exercise of a reasonable discretion, but it cannot be adjourned over more than three regular terms upon the application of either party without the consent of the other. Neither party to the suit made application for a continuance nor was any objection filed to same. On the contrary, the evidence shows that the parties did agree to the various continuances, and that same were had for the benefit of appellee herein, in order that he might search for a receipt which he claimed to have in his possession. Appellee knew of the contemplated judgment and failed to file objections with the court that the continuances were had without his consent. The lack of consent does not appear affirmatively upon the judgment. His present plight is attributable to his own neglect. *Shufeldt v. Gandy*, 34 Neb. 32. The fact that the county judge or his clerk neglected or omitted to make a record of such continuances, where the plaintiff is without fault, cannot, as between the parties,

deprive the plaintiff of his rights therein through such official neglect. *Crete Mills v. Stevens,* 120 Neb. 794.

As to the second proposition, it is admitted that appellee has neither pleaded nor proved that he has a meritorious defense to the county court judgment. The rule of the majority of the courts, including Nebraska, is that in a suit by a judgment debtor to enjoin the enforcement of a judgment, on the ground that it is void because the court wherein it was rendered had not acquired jurisdiction, a court of equity will not grant affirmative relief unless it is made to appear that he had a meritorious defense to the cause of action on which the judgment was based. 39 A. L. R. 414, note.

In the case of *Bankers Life Ins. Co. v. Robbins,* 53 Neb. 44, the court held: "A party against whom a judgment has been rendered by default, which judgment is void for want of jurisdiction over the person of the defendant, is not entitled to an injunction to restrain the enforcement of such judgment unless he makes it appear, both from his pleadings and proof, (1) that he has a meritorious defense to the cause of action on which the judgment is based; (2) that he has no adequate remedy at law; and (3) that his plight is in nowise attributable to his own neglect."

The case of *Braun v. Quinn,* 112 Neb. 485, appears to be directly in point. The court said: "The reason usually given for the rule against relieving from a void judgment unless a meritorious defense to the cause of action is averred is that equity will not do a useless thing, and it would subserve no useful purpose to set aside a judgment for want of jurisdiction, if the party seeking the injunction had no defense to the cause of action upon which it was based. Another reason is that it is not enough that the judgment assailed be unlawful. It must be against conscience as well."

The trial court therefore erred in granting an injunction against the enforcement of the county court judg-

ment. The judgment is reversed and the cause is dismissed.

REVERSED AND DISMISSED.