CHARLES PAVLIK, SR., APPELLEE, V. NORMAN BURNS, SHERIFF: THOMAS PROKOP, APPELLANT.
278 N. W. 149

FILED FEBRUARY 25, 1938. No. 30232.

*James P. Marron* and *D. E. Rissler,* for appellant.

*Arthur L. Burbridge* and *Leigh & Krajicek, contra.*

Heard before GOSS, C. J., ROSE, DAY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

PAINE, J.

This is an action in equity to enjoin defendant and the sheriff from enforcing a judgment against plaintiff on the ground that such judgment was obtained by fraud. The trial court set the judgment aside, enjoined defendant from collecting it, and granted plaintiff a new trial in the original action, with 30 days to file an answer therein. Defendant appeals.

For many years the parties to this suit lived near Verdigre, Nebraska. On April 7, 1925, the plaintiff herein signed a promissory note as surety with his brother-in-law, Charles S. Mlady, to assist him in borrowing $3,500 from the defendant herein.

On May 1, 1933, the defendant secured a judgment upon said note in the amount of $4,572.31, with interest at 10 per cent., and when it was attempted to levy an execution on plaintiff's land he saw an attorney for the first time, and this suit was brought.

It appears from the evidence of plaintiff and his witnesses that, when defendant in this case brought suit on the note and summons was served on him by the sheriff, he went right over to see defendant, and asked what about it, and was answered: "I'll not sue you and it will never come to judgment. You don't need to bother about it." The son, Charles Pavlik, Jr., and his wife testified they called defendant over to their car one day and asked him about it, and they testify that defendant assured them: "Tell Mr. Pavlik not to worry. I'm not going to do anything to him." This was also soon after the summons had been served on the plaintiff.

The fraud alleged is that defendant promised he would not take a judgment, or attempt to collect the note from plaintiff herein, in the suit he had brought on the note; that, in violation of that promise, he did take judgment and did attempt to collect it.

On the other hand, the defendant relies on the holdings of this court to the effect that a court of equity will not relieve a party from a judgment which he might have prevented but for his own negligence. *Shufeldt v. Gandy*, 34 Neb. 32, 51 N. W. 302. And, further, that it is a general rule that a court of equity will not set aside a judgment rendered in a case where the party complaining had full notice and knowledge of the pendency of the suit and took no steps to protect his interest at that time. *Campbell v. Harvard State Bank*, 103 Neb. 562, 173 N. W. 587.

The defendant charges that no fraudulent intent is

shown, which is a necessary element of every actionable fraud, and that, in order to enjoin the enforcement of a judgment, it must be shown, not only that the judgment debtor has a valid defense, but that he was prevented from interposing it by fraud, mistake or accident, and without fault on his part. *Losey v. Neidig*, 52 Neb. 167, 71 N. W. 1067; *City of Broken Bow v. Broken Bow Water-Works Co.*, 57 Neb. 548, 77 N. W. 1078.

It is then charged that plaintiff has failed to resort to his statutory remedy provided in section 20-2001, Comp. St. 1929.

The authorities appear to hold that, if the petition fails to set forth that the facts were not discovered within the two-year period from the date of the trial, and fails to show any reason for extending the two-year period, equity will be powerless to relieve.

However, in a recent case of *Howard Stove & Furnace Co. v. Rudolf*, 128 Neb. 665, 260 N. W. 189, Chief Justice Goss held: "The provisions of section 20-2001, Comp. St. 1929, enumerating grounds under which judgments may be set aside after the expiration of the term at which they were rendered, are concurrent with independent equity jurisdiction."

This being a clear case for equitable relief on the ground of fraud, let us also consider that the note became due April 7, 1927. No payments were ever made on the note by the plaintiff, nor did he ever acknowledge his liability in writing, either before or after the running of the statute of limitations. At any rate, the plaintiff should have an opportunity to set up his defense and be heard thereon. The plaintiff was deprived of his day in court by being lulled into security by the direct promises made repeatedly by defendant that no harm would come to him if he paid no attention to the summons which had been served on him. This was fraud.

Finding no error in the record, the judgment of the district court is

AFFIRMED.